FIRST NATIONAL BANK OF HASTINGS V. JOHN MCAL-
LISTER.

[FILED JANUARY 4, 1892.]

Negotiable Instruments: PROTEST: LAST DAY OF GRACE ON
SUNDAY. Under the provisions of sec. 8, chap. 41, Compiled
Statutes, legal holidays and Sundays are grouped together so
far "as regards the presenting for payment or acceptance and
the protesting and giving notice of the dishonor of bills of ex-
change, bank checks, or promissory notes," and where the third
day of grace falls on Sunday, presentment or demand on the
following Monday will be sufficient.

ERROR to the district court for Adams county. Tried
below before GASLIN, J.

*J. B. Cessna*, for plaintiff in error:

The statute allows "three days of grace," and this period
cannot be lessened (as it would be here if presentment were
required on the second day), because it is regulated by the law
of the place of payment. (*Thorp v. Craig*, 10 Ia., 461; *Shel-
ton v. Dustin*, 92 Ill., 49; 1 Randolph, Com. Paper, 2, 31; 2
Am. & Eng. Ency. of Law, 397.) Presentment before the
last day of grace is premature (*Edgar v. Green*, 8 Ia., 393;
*Griffin v. Goff*, 12 Johns. [N. Y.], 423; *McFarland v.
Pico*, 8 Cal., 426; Parsons, Mercantile Law, 106); and
will not authorize a protest (*Bank of Washington v.
Tuflett*, 1 Peters [U. S.], 25; *Avry v. Stewart*, 2 Conn.,
69). Sunday is a *dies non* and should be ignored. (*Post
v. Garrow*, 18 Neb., 682; *Barrett v. Allen*, 10 Ohio, 426;
*Kilgore v. Bulkey*, 14 Conn., 362; *Bank v. Barnum*, 49 N.
Y., 279.) The rule here contended for is announced by
this court in *State v. King*, 23 Neb., 546, and the only
contrary statement produced is a mere suggestion of Judge
Swan in his "Justice Treatise," p. 721.

*J. R. Patrick, contra:*

The common law, in a case of this kind, requires presentment and demand on the second day. (*Reèd v. Wilson*, 12 Vr. [N. J.], 29 ; *Woods v. Corl*, 4 Met. [Mass.], 203 ; *Bussard v. Levering*, 6 Wheat. [U. S.], 102 ; *Routh v. Helm*, 6 How. [Miss.], 129; *Kuntz v. Temple*, 48 Mo., 75; *Cuyler v. Stevens*, 4 Wend. [N. Y.], 566; 1 Parsons, Bills and Notes, 402 ; *Farnum v. Fowle*, 7 Am. Dec. [Mass.], 35 ; *Sanders v. Ochiltree*, 30 Id. [Ala.], 551 ; *Sheldon v. Benham*, 40 Id. [N. Y.], 271 ; *Ransom v. Mack*, 38 Id., 602 ; 1 Daniels, Neg. Inst., secs. 465, 627; Story, Bills, 338 ; *Thornton v. Stoddert*, 1 Cranch [D. C.], 534; *Salter v. Burt*, 20 Wend. [N. Y.], 205 ; *Bank v. Varnum*, 49 N. Y., 279.)  Our statute does not change but *reaffirms* the common law in this regard, and *State v. King*, 23 Neb., 546, while a *dictum*, clearly indicates that the common law prevails here.  The Ohio statute is almost identical with ours, and Judge Swan's construction of the former ("Justice Treatise," p. 721) is authority.

MAXWELL, J.

The plaintiff in error brought an action against the defendant in error as indorser on a promissory note, it being alleged in the petition that the third day of grace was Sunday, and that demand of payment was made on the following Monday, and due notice thereof given the indorser.  The court therefore held that the indorser was not liable and sustained the demurrer, and the plaintiff, not desiring to amend, the action was dismissed.

Section 1, chapter 41, Compiled Statutes, provides : "All bonds, promissory notes, bills of exchange, foreign and inland, drawn for any sum or sums of money, certain and made payable to any person or order, or to any person or assigns, shall be negotiable by indorsement thereon, so as absolutely to transfer and vest the property thereof in each

and every endorsee successively, but nothing in this section shall be construed to make negotiable any such bond, note, or bill of exchange, drawn payable to any person or persons alone, and not drawn payable to order, bearer, or assigns; *Provided*, That all such bonds, promissory notes, and bills of exchange made payable to bearer shall be transferable by delivery without indorsement thereon."

Section 3 provides: "All notes, bonds, or bills made negotiable by this chapter shall be entitled to three days' grace in the time of payment, and the demand of payment from the maker on the third day of grace or acceptance, if the instrument is a sight draft, and notice of non-payment, or non-acceptance thereof, to the indorser within a reasonable time, shall be adjudged due diligence, under the provisions of this chapter, unless the indorsement shall express in writing other conditions."

Section 8 declares that " The following days, to-wit: the first day of January, February 22, and the 22d of April, which shall be known as 'Arbor day,' the 25th day of December, the 30th of May, and July 4, and any day appointed or recommended by the governor of this state or the president of the United States, as a day of fast or thanksgiving, and when any one of these days shall occur on Sunday, then the Monday following shall, for all purposes whatsoever as regards the presenting for payment or acceptance, and the protesting and giving notice of the dishonor of bills of exchange, bank checks, or promissory notes, made after the passage of this act, be deemed public holidays and be treated and considered as is the first day of the week, commonly called Sunday; *Provided*, That when any one of these days shall occur on Monday, any bill of exchange, bank check, or promissory note made after the passage of this act, which, but for this act, would fall due and payable on such Monday, shall become due and payable on the day thereafter."

Sec. 9 makes the first Monday in September a public

holiday to the same extent as the above named. It will be observed that in sec. 8 the 1st day of January, 22d of February, 22d of April, 30th of May, July 4, December 25, and by sec. 9, labor day, or the first Monday in September, of each year, together with any day appointed by the president of the United States, or governor of the state, as a fast or thanksgiving shall be a legal holiday, and when any of these days shall occur on Sunday they shall be treated and considered as is the " first day of the week, commonly called Sunday," and "the Monday following shall, for all purposes whatsoever as regards the presenting for payment or acceptance, and the protesting and giving notice of the dishonor of bills of exchange, bank checks, or promissory notes," etc. That all of these days including Sunday are embraced in the above section is evident when we consider the whole together.

For the purpose of protest of commercial paper a legal holiday is placed on a par with Sunday, and it is declared that demand on the following Monday shall be sufficient.

The language of the proviso is very broad. In other words, legal holidays for the purposes named are placed upon an equality with Sunday, and in either case where the third day of grace falls on Sunday, or a legal holiday, a presentment of demand of payment on the following day is sufficient. The court, therefore, erred in sustaining the demurrer.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.