## CAPITAL NATIONAL BANK OF LINCOLN V. AMERICAN EX-CHANGE NATIONAL BANK OF CHICAGO.

### FILED JUNE 3, 1897.   No. 7390.

1. Negotiable Instruments: TIME OF PAYMENT: HOLIDAYS. When, un-influenced by statute, a bill or note without grace falls due on Sunday or a legal holiday, it is payable on the business day next following.

2. ———: MATURITY: GRACE: SUNDAY. When grace on a note or bill expires on Sunday or other nonbusiness day, it becomes due, and should be presented for payment or acceptance on the latest business day within or before the period of grace.

3. ———: ———: ———: ———. The rule of the common law respecting the presentment of instruments with grace which expire on Sunday is not abrogated in this state by section 1 of the act of 1873 entitled "An act to designate certain days to be observed as holidays in respect to bills of exchange, promissory notes, and bank checks." (General Statutes, sec. 8, ch. 32.)

4. ———: ———: ———: ———. *First Nat. Bank v. McAllister*, 33 Neb., 646, overruled.

5. ———: ———. Effect of the act of 1893, amendatory of section 8, chapter 41, Compiled Statutes, not determined.

ERROR from the district court of Lancaster county. Tried below before STRODE, J.   *Affirmed.*

*Cobb & Harvey* and *G. M. Lambertson*, for plaintiff in error.

*Field & Holmes, contra.*

POST, C. J.

This was an action against the plaintiff in error as indorser of a certain promissory note for $2,000, bearing date of November 4, 1892, and payable at its banking house in the city of Lincoln ninety days after date. Said note, as counsel agree, matured February 2, 1893, and payment was demanded and notice of dishonor given February 4, the third day of grace, to-wit, February 5,

being Sunday. The foregoing transactions occurred previous to the act of 1893 amendatory of chapter 41, Compiled Statutes; hence the question distinctly presented is whether, under the statutes then existing, in case the last day of grace on a bill or note fell on Sunday, demand of payment on the last preceding business day was sufficient for the purpose of charging the drawer or indorser.

It is by section 8, chapter 41, Compiled Statutes, 1891, then in force, provided: "That the following days, to-wit: The first day of January, February twenty-second, and the twenty-second of April, which shall be known as 'Arbor Day,' the twenty-fifth day of December, the thirtieth day of May, and July fourth, and any day appointed or recommended by the governor of this state or the president of the United States, as a day of fast or thanksgiving, and when any one of these days shall occur on Sunday, then the Monday following shall, for all purposes whatsoever as regards the presenting for payment or acceptance, and the protesting and giving notice of the dishonor of bills of exchange, bank checks, or promissory notes made after the passage of this act, be deemed public holidays, and be treated and considered as is the first day of the week, commonly called Sunday; *Provided*, that when any one of these days shall occur on Monday any bill of exchange, bank check, or promissory note made after the passage of this act, which but for this act would fall due and be payable on such Monday, shall become due and payable on the day thereafter." (*First Nat. Bank of Hastings v. McAllister*, 33 Neb., 648.) It was, by section 9, chapter 41, Compiled Statutes, further provided that the first Monday in September should "be deemed a holiday in like manner, and to the same extent as the holidays provided for in section eight." These provisions were examined in *First Nat. Bank of Hastings v. McAllister*, 33 Neb., 646, with the conclusion that the several holidays above enumerated are for the purpose of presenting for payment or acceptance

of commercial paper, and protest and notice of dishonor, grouped with Sunday, and that when the third day of grace falls on Sunday or a legal holiday presentment on the following Monday is sufficient. That decision has been the subject of much adverse criticism by the profession and business men of the state, and led to the adoption by the next legislature, in 1893, of an amendment of section 8 in terms providing that in every case in which the date of maturity or last day of grace of any negotiable instrument shall fall on Sunday or a legal holiday, it shall be lawful to make demand, etc., on the following business day. Of so conclusive a nature are the arguments directed against the rule asserted in the case cited that we have been constrained to re-examine the subject upon its merits, with a conclusion adverse to the decision therein announced. It may, in the first place, be assumed that a result so equivocal and incongruous as different days for the presentment of each note or bill could not have been within the contemplation of the legislature. Such a purpose is opposed to the primary conception of a promissory note, and should not, unless apparent from the language of the act or the necessary implication therefrom, be imputed to the law-making power. Another proposition as to which there can be no controversy is that the statute, like others of its class, must be construed in the light of the law-merchant. When, uninfluenced by statute, a bill or note without grace, or any non-negotiable instrument, falls due on Sunday or a legal holiday, it is payable on the business day next following, since the maker is not required to pay before the maturity of the debt. But with days of grace, which the law regards as an indulgence, the rule is different, and when grace on a note or bill expires on Sunday or other nonbusiness day, such instrument is due and should be presented for payment or acceptance the day preceding. "Thus," as said by Mr. Daniel, "if grace expired on Sunday it would fall due on Saturday, and if a holiday (such as Christmas day) fell on Saturday before

the Sunday of its maturity, it would fall due on Friday
preceding.   The latest business day within or before the
period of grace is the day of payment, even though all
grace be excluded."   (1 Daniel, Negotiable Instruments,
sec. 627; Story, Bills, sec. 220; 1 Parsons, Notes & Bills,
401, 402, 403; Randolph, Commercial Paper, sec. 1090.)

It remains to be determined to what extent, if at all,
the rule of the common law has been abrogated or modi-
fied by statute in this state.   The provision above set
out was enacted as section 1 of "An act to designate cer-
tain days to be observed as holidays in respect to bills
of exchange, promissory notes, and bank checks," ap-
proved February 18, 1873.   (General Statutes, 427.)   If
we transpose the language therein employed in accord-
ance with its grammatical sense, it will be found to pro-
vide, in substance, that certain enumerated days shall be
deemed holidays, and when any of such holidays occur
on Sunday the following Monday shall, for the purpose
of the presentment and protest, etc., of commercial paper,
likewise be deemed a holiday to such extent and for such
purpose as is Sunday, the first day of the week, provided,
that when any one of such holidays occurs on Monday,
paper otherwise payable on said day shall become due
and payable on the day following.   Statutes of the char-
acter here involved will, according to the familiar rule,
be strictly construed, and the common law held to be
abrogated no further than expressly declared or than is
required from the clear import of the language employed.
Turning again to the statute in this case, we observe that
it in terms modifies the common law rule only as respects
instruments otherwise payable on holidays which occur
on Monday, and which by the act in question become due
and payable the day following.   As indicated by the title
of the act, the single subject of the section quoted is that
of the designated holidays, and by no permissible con-
struction thereof can the words "any one of these days"
from their context be held to include Sunday.   The effect
of the amendment of 1893, being foreign to the question

here presented, is not considered in this connection. It follows, however, that *First Nat. Bank of Hastings v. McAllister, supra,* so far as it applies to instruments having days of grace which expire on Sunday, should be and is overruled. It follows, also, that the judgment of the district court, in conformity with this opinion, should be

AFFIRMED.

NORVAL, J.

I dissent from the judgment rendered, and adhere to the decision in *First Nat. Bank of Hastings v. McAllister,* 33 Neb., 646.