MICHAEL TANGO *v.* CITY OF NEW HAVEN ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, JS.

Argued May 5—decision released June 21, 1977

*Richard L. Shiffrin,* with whom was *William F. Gallagher,* for the appellant (plaintiff).

*Thayer Baldwin, Jr.,* corporation counsel, for the appellees (defendants).

PER CURIAM. The plaintiffs brought this action in negligence against the city of New Haven and four of the city's employees to recover damages for personal injuries arising out of a sledding accident on the Alling Memorial Golf Course which occurred on December 31, 1967. The first count of the complaint alleges a common-law cause of action on behalf of the injured minor, Michael Tango, brought by his mother as next friend. The second count alleges a cause of action in John Tango for reimbursement of medical expenses incurred on behalf of his son. In the third count the plaintiffs, in addition to the allegations of the first and second counts, make a claim, pursuant to General Statutes § 7-465, for reimbursement from the city of any damages recovered against the individual defendants. The defendants demurred to the complaint on the ground that since the defendants were performing governmental functions and only discretionary acts were alleged against them the doctrine of governmental immunity barred recovery. The court accepted the defendants' contentions and sustained the demurrer.

The plaintiffs urge us to find an independent cause of action under General Statutes § 7-465 or to abrogate the common-law doctrine of governmental immunity. In the light of our view of the pleadings of this case, we need not do either.

As we stated in *Wright* v. *Brown,* 167 Conn. 464, 471, 356 A.2d 176: "Where the municipality through its agent or employee acts in the performance of a governmental duty, it has a limited immunity from liability; *Cone* v. *Waterford,* 158 Conn. 276, 279, 259 A.2d 615; but when the act complained of is

ministerial, the municipality is responsible for its negligent execution. *Spitzer* v. *Waterbury*, 113 Conn. 84, 88, 154 A. 157; 18 McQuillin, Municipal Corporations (3d Ed. Rev.) § 53.33. 'Ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. *Pluhowsky* v. *New Haven*, 151 Conn. 337, 347, 197 A.2d 645; *Blake* v. *Mason*, 82 Conn. 324, 327, 73 A. 782." See *Fraser* v. *Henninger*, 173 Conn. 52, 59–60, 376 A.2d 406; *Stiebitz* v. *Mahoney*, 144 Conn. 443, 448, 134 A.2d 71; *Wadsworth* v. *Middletown*, 94 Conn. 435, 439, 109 A. 246. Here, the lower court, in its memorandum of decision sustaining the demurrer concluded: "Since the acts or omissions alleged in the complaint describe only supervisory or discretionary acts, there would be no duty on the named defendants establishing negligence or liability on their part for the violation thereof." We do not agree with the court's narrow reading of the complaint.

A demurrer, of course, "is tested by the facts provable under the allegations of the pleading to which the demurrer is addressed." *Fraser* v. *Henninger*, supra, 60. The allegations of the complaint are broad and formulated in the alternative, i.e., "caused, or allowed and permitted." As they stand they would permit proof of facts which would establish that the defendants failed properly to discharge ministerial functions.[1] The demurrer, therefore,

---

[1] The plaintiffs base their assertion of liability on the allegations of paragraph 7 of their complaint:

"7. Said occurrence alleged in Paragraph 1 was due to the carelessness and negligence of the defendants, city of New Haven, Alphonse J. Cukierski, Carl A. Nastri, Joseph Lobasz, and Landon Winchester, in one or more of the following ways:

(a) In that they caused or allowed and permitted members of the public to use said golf course in the area of the Ninth Fairway for

should have been overruled and the plaintiffs allowed an opportunity to prove that the acts or omissions which led to the injuries to the minor plaintiff were ministerial and not discretionary or supervisory.

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer and then to proceed according to law.

purposes of sled riding without providing any supervision whatsoever for the safety of those using the property for said purpose;

(b) In that they caused or allowed and permitted said property to be used by members of the public for sled riding without erecting any safeguards to determine courses of travel;

(c) In that they caused or allowed and permitted the indiscriminate use of said property for sled riding by children and adults when, under the circumstances, such use caused an unreasonable risk of harm to the children using said property;

(d) In that they caused or allowed and permitted said property to be used by children for sled riding without providing any safety measures for such children;

(e) In that they failed to warn the plaintiff of the aforesaid condition;

(f) In that they failed to make proper and reasonable inspection; and

(g) In that they maintained said property in the aforesaid condition."