[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The complaint alleges that the plaintiff's decedent was operating a motor vehicle in a southerly direction in the southbound lanes of Interstate I-91 in Hartford when it collided with a Hartford police cruiser which was proceeding northerly in the southbound lanes in pursuit of another vehicle. The complaint is in two counts. The first count alleges negligence and recklessness on the part of the defendant police officer in the operation of the cruiser, which resulted in the decedent's death. The second count claims indemnification from the defendant city pursuant to C.G.S. 7-465. The defendants move to strike on the basis of the qualified immunity of municipal officials. At oral argument on this motion, the defendant city also asserted that C.G.S. 7-465 does not provide indemnification for reckless conduct of municipal employees.
The parties essentially agree that the police officer in this case was engaged in the performance of a public duty at the time of the accident. The court concurs and so holds as a matter of law. See Gordon v. Bridgeport Housing Authority.208 Conn. 161, 170-171 (1988).
The conclusion that the officer was performing a public duty leads the court to consideration of the question whether his acts were discretionary or ministerial in nature. The defendants claim that the officer's actions in pursuing the other vehicle called for an exercise of judgment involving an appraisal of the circumstances that confronted him at the time and compliance with police department policy concerning high speed pursuits. Accordingly, they argue, the defendants are immune from suit pursuant to the rule in Shore v. Stonington,187 Conn. 147, 153-154 (1982). In that case, the court held that a public official engaged in a public duty is immune from suit for acts which are discretionary in nature; that is, acts which involve the exercise of judgment as opposed to purely ministerial acts requiring no discretion.
The plaintiff argues that departmental policy and C.G.S.14-283, concerning the operation of emergency vehicles, so limited the exercise of the officer's individual judgment in this case as to render his actions purely ministerial in nature.
Although a determination whether an official was engaged in a public or a private duty is a question of law for the court, drawing the distinction between discretionary and ministerial acts raises questions of fact for the fact finder. Gordon v. Bridgeport Housing Authority, supra, 180. It does not, therefore, lend itself to resolution by a motion to strike. Tango v. New Haven, 173 Conn. 203, 205-206 (1977). The CT Page 2939 plaintiff has alleged and should be allowed to prove that the police officer negligently performed a ministerial duty by violating police department policy and procedures and C.G.S.14-283.
With respect to the plaintiff's allegations of recklessness (or "wanton" conduct), C.G.S. 7-465 excludes such claims from indemnification by the city. Therefore, the city's motion to strike those claims as they pertain to it must be granted.
For all of the reasons set forth above, the defendants' motion to strike the negligence claims is denied; the motion to strike the recklessness claims is denied as it pertains to the individual officer and granted as it pertains to the city.
Maloney, J.