[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Nancy A. Dillon, is an emergency medical technician employed by the Ambulance Service of Manchester. Among the six defendants are firefighters/paramedics Scott Elkins, Carl Preuss and Raymond Gentile who are all employed by the East Hartford Fire Department.
On August 17, 1988, all of the above individuals responded to a call at 176 Hollister Street. While at that address, the CT Page 5957 plaintiff allegedly requested the defendants' assistance in carrying a patient. The defendants allegedly refused to assist the plaintiff. Subsequently, while carrying the patient, the plaintiff fell and was injured.
On August 17, 1989, the plaintiff caused a nine-count complaint to be served upon the six defendants named therein, namely: the Town of East Hartford, Scott L. Elkins, Raymond Gentile, Carl Preuss, Thomas Dawson and Alex J. Sawka. In response, on November 1, 1990, a motion to strike all nine counts was filed on behalf of all the defendants. At short calendar, on April 14, 1991, the parties agreed to the granting of the motion based upon the first three grounds stated therein. The granting of the motion based on these three grounds will result in counts two through nine inclusive being stricken. The remaining count one alleges negligence by defendants Elkins, Preuss and Gentile alone. Count one is not addressed to the other three named defendants. The fourth ground, as argued by the defendants in their supporting memorandum, seeks to strike count one, among others, on the ground of governmental immunity.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). "[I]t admits all facts well pleaded; it does not [, however,] admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Id. (citations omitted). In considering a motion to strike, the facts alleged in the complaint must be construed in a manner most favorable to the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1988).
 [A] municipal employee. . .has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . .the word `ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion.
Evon v. Andrews, 211 Conn. 501, 505 (1989) (citations omitted).
The question of whether the official's actions were discretionary or ministerial is factual. It does not, therefore, lend itself to resolution by a motion to strike. Travelers Insurance Company v. Mack, 3 CTLR 25, 26 (December 4, 1990, Maloney, J.); citing Tango v. New Haven, 173 Conn. 203, 205
(1977).
It is therefore found that whether the defendants' actions were discretionary and thereby entitled to qualified immunity is CT Page 5958 not properly decided by this motion. Furthermore, assuming arguendo that the actions are discretionary and entitled to immunity, that immunity is subject to three exceptions. The plaintiff argues the first exception which denies immunity "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm." Evon, 211 Conn. at 505.
Whether or not the exception applies is also a question of fact. Dembar v. Dunn, 3 CTLR 6, 7 (December 10, 1990, Maloney, J.).
It is concluded that a motion to strike is the improper vehicle for determining the applicability of governmental immunity in the present case. It is therefore held that the defendants' motion to strike on the ground of governmental immunity is hereby denied.
STENGEL, J.