[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant Victorian Homes, Inc. ("manufacturer") has moved to strike as legally insufficient the fifth count of the revised complaint of the plaintiff, James Cascone. In that count, the plaintiff alleges that he bought from another defendant a mobile home manufactured by Victorian, that he relied on express and implied warranties of fitness for a particular purpose from Victorian, and that he suffered losses because of Victorian's breach of the alleged warranties, including diminution of value and incidental and consequential damages. Specifically, the plaintiff claims that the mobile home "contained a number of defects in structure and workmanship including plumbing deficiencies which caused the kitchen floor to buckle." (Revised complaint, Count 1, para. 6).
Victorian claims that the plaintiff cannot maintain an action for breach of express and implied warranties of fitness for a particular purpose because the mobile home was sold to the plaintiff by another party and there is no privity of contract between the plaintiff and Victorian, the manufacturer of the allegedly defective mobile home.
A motion to strike is used to test the legal sufficiency of the allegations of a complaint, Section 152 P.B., and the facts alleged are to be construed in the manner most favorable to the plaintiff. Amodio v. Cunningham, 182 Conn. 80, 82 (1980); Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545
(1980). Like its predecessor, the demurrer, the motion to strike is tested not by the bare factual allegations of the complaint but CT Page 6101 by facts provable under the allegations of the pleading to which the motion to strike is addressed. Fraser v. Henninger, 173 Conn. 52,60 (1977); Tango v. New Haven, 173 Conn. 203, 205 (1977).
At paragraph 8 of the Fifth Count, the plaintiff alleges that he "purchased the mobile home for the purpose of using it as a home." At paragraph 9, he alleges that "[t]he defendant manufacturer had knowledge of the purpose for which the mobile home was purchased and expressly and impliedly warranted the same to be in all respects fit and proper for such purpose" and at paragraph 10 that the plaintiff relied on the manufacturer's warranty.
While the Fifth Count of the revised complaint does not detail the transaction by which the manufacturer is claimed to have made the claimed express and implied warranties to the plaintiff, the plaintiff may adduce facts under this pleading to show the existence of such a transaction. In his brief, for example, the plaintiff indicates that another defendant acted as the agent of the manufacturer in the transaction in that it was identified as an "authorized distributor".
The plaintiff bears the burden of proving the existence of a warranty. Web Press Services Corp. v. New London Motors, Inc.,203 Conn. 342, 353 (1987). In Hinchcliffe v. American Motors Corp.,184 Conn. 607, 620-621 (1981), the Connecticut Supreme Court approved recovery based on the claim of the purchaser of a vehicle against its manufacturer on an express warranty, as well as against the seller of the vehicle. The court in Hinchcliffe noted, at page 610, that the vehicle had been purchased from a car dealer, not directly from the manufacturer, however the lack of privity of contract was not held to bar the purchaser's assertion of claim under the manufacturer's warranty.
The movant does not cite Hinchcliffe but relies on product liability cases predating Connecticut's product liability statute, seeking to apply statements in those cases to a situation involving a claim of defective goods. In citing Hannon v. Digliani,148 Conn. 710, 712 (1961), the movant has apparently overlooked the actual holding of the case, which was the overruling of a demurrer to the claim of a consumer that the manufacturer of a household cleaning product was liable to the ultimate consumer for injuries suffered as a result of a defect in the product, which had been bought from a retail store.
The other precedents cited by the movant either predate Hinchcliffe or invoke the conflicting law of other states.
The motion to strike the Fifth Count of the revised complaint is denied. CT Page 6102
BEVERLY J. HODGSON, J.