[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff alleges the following facts in her complaint. The plaintiff was acting as a school bus aid when she was caused to slip and fall on a sidewalk at North End Middle School. The sidewalk was in poor physical condition and had an unreasonable accumulation of ice and snow, which conditions caused plaintiff's fall. In counts I and III she brings a negligence action against the Board of Education and the City, respectively.
On November 25, 1991, the defendants moved to strike both these counts on the ground that they were barred by the doctrine of governmental immunity. The plaintiff objects to the motion, and the parties have filed supporting memoranda of law.
A motion to strike admits all well pleaded facts and such facts are to be construed most favorably to the plaintiff. Mozzochi v. Beck, 204 Conn. 490, 491 (1987). If facts provable under the allegations support a cause of action, then the motion to strike must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
Although municipalities do not have the protection of sovereign immunity, they "do, in certain circumstances, have a governmental immunity from liability." Murphy v. Ives, 151 Conn. 259,264 (1963); see also White v. Burns, 213 Conn. 307, 312
(1990). In the performance of a public duty, the municipality is generally immune from liability, for if "the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed if at all in some form of public prosecution." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 166 (1988) (citations omitted).
Furthermore, a municipality is also immune from liability for the misperformance of a "governmental" or "discretionary" act, but liable for misperformance of a "ministerial" act. Evon v. Andrews, 211 Conn. 501, 505 (1989). A ministerial duty is one which "is to be performed in a prescribed manner without the exercise of judgment or discretion." Id., (citations omitted).
"The public/private duty distinction and the ministerial/discretionary tests may appear to overlap and this has resulted in a lack of consistent analysis by the state's courts." Gordon, supra, 168. Essentially, however, as soon as it is determined that a public duty is involved, municipal liability only attaches "if the act complained of is a ministerial act," unless subject to any of three exceptions, none relevant here. Roman v. Stamford, 16 Conn. App. 213, 221 (1988), aff'd 211 Conn. 396
(1989). CT Page 4620
There can be no question but that the acts and omissions complained of in the instant case represent a public duty. A private duty is "of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large." Ronan, supra, 220. Thus, as the duty is clearly a public duty, it must be determined whether the complaint alleges governmental or discretionary acts, in which case the municipality cannot be liable, or alleges ministerial acts, wherein the city could be liable.
Procedurally, the defense of governmental immunity should be especially pleaded pursuant to Practice Book 164. Gauvin v. New Haven, 187 Conn. 180, 184 (1982). It is only proper to attack the complaint as legally insufficient on the ground of governmental immunity if "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff." Brown v. Branford, 12 Conn. App. 106, 111 n. 3 (1987). Therefore, unless it is obvious from the allegations of a complaint that defendants are performing a governmental duty, a motion to strike should be denied.
In Tango v. New Haven, 173 Conn. 203 (1977) the court stated that the "allegations of the complaint are broad and formulated in the alternative. . . . As they stand they would permit proof of facts which would establish that the defendants failed properly to discharge ministerial functions." Id., 205. Plaintiff's complaint, in paragraph nine, has similar allegations. The Tango court held that the motion to strike should have been denied. Id., 206. Therefore, in the instant case, the motion to strike is denied as the defense of governmental immunity is more properly plead as a special defense.
COFIELD, J.