[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff property owner seeks damages for emotional distress and loss of rental income resulting from the City of New Britain's failure to issue certificates of occupancy for certain real property he owns. The New Britain building inspectors, David Zajac and Richard Burns, are cited as co-defendants.
It is undisputed that Zajac inspected the plaintiff's property, found code violations and ordered the plaintiff to undertake necessary repairs. The plaintiff claims to have made the necessary repairs and now is sustaining losses because of CT Page 8649 the defendants' refusal to issue certificates of occupancy. The City's liability is alleged through Conn. Gen. Stats. 7-465.
The issue raised by the pleadings is whether the doctrine of governmental immunity as contained in Conn. Gen. Stats.52-557n(b)(7) immunizes municipal building officials for their refusal to issue certificates of occupancy? In the context of these pleadings, this court answers affirmatively.
It is undisputed that Zajac found violations of the state and city housing codes; that some violations were found to exist after the plaintiff undertook to correct them. The issuance of building permits and certificates of occupancy are governmental functions. Leger v. Kelley, 142 Conn. 585 (1955). The common law rule that municipal officials who engage in discretionary governmental functions are immune from liability for negligence in the performance of those functions, Gordon v. Bridgeport Housing Authority, 208 Conn. 161 (1988), is currently codified in 52-557n(b)(7), supra.
Sec. 52-557n(b)(7) reads in part as follows:
 (b) [A] political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be libel for damages to person or property resulting from: . . . (7) the issuance, denial, suspension or revocation of, or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization, where such authority is a discretionary function by law unless such issuance, denial, suspension or revocation or such failure or refusal constitute a reckless disregard for health or safety; (emphasis added)
Before issuing a certificate of occupancy, the municipal employee must make a determination as to whether the premises conform to certain standards expressed in both state statutes and the city's housing ordinances. This determination necessarily involves the governmental decision making process and requires an exercise of discretion. The municipal employee, when comparing the conditions on the premises to the requirements of the housing code, must use his judgment in deciding whether the actual conditions deviate from the standard as expressed in the Code so as to constitute a violation.
The Supreme Court came to a similar conclusion in Evon v. Andrews, 211 Conn. 501 (1989), a case involving the issue of whether municipal building officials who allegedly failed to adequately inspect certain property were nonetheless entitled to CT Page 8650 common law immunity for not discovering housing violations claimed to be the cause of a fire. The court, in discussing principles of governmental immunity in the context of housing code enforcement stated:
 [A]n inspection by definition involves "a checking or testing of an individual against established standards" (citation omitted) . . . no matter how objective the standard, an inspector's decision as to whether a building falls below a standard and whether remedial orders are therefore required involves the exercise of his or her judgment. It is axiomatic that "ministerial acts [are those that] are performed in a prescribed manner without the exercise of judgment . . . " (emphasis in original). Gauvin v. New Haven, 187 Conn. 180, 184 (1982). Since the acts alleged in the fifth count required in some measure the exercise of judgment by a municipal employee, we conclude that they were not ministerial and therefore the defendants were immune from liability. Id., at 506-507.
Similarly, the defendants' decision that the plaintiff's property did not meet code specifications involved the exercise of discretion for which the defendants are immune by operation of Sec. 52-557n(b)(7) and under the principles stated in Evon v. Andrews, supra.
The plaintiff's recovery for damages is circumscribed by Sec. 52-557n(b)(7) supra. He cannot recover based on allegations of negligence or carelessness. The plaintiff's recovery can result if he alleges and proves that the denial of an issuance of a building permit "constitute(d) a reckless disregard for health or safety." Ibid; (emphasis added).
Counts 3, 10, 11, 12, 13, 14, 16, 17, 18 and 19 of the amended complaint fail to allege the essential statutory language for recovery. Conversely, these counts allege negligence against the city's building inspectors, and the defendant city's derivative liability under Conn. Gen. Stats.7-465.
Accordingly the defendants' motion for summary judgment as to Counts 3, 10, 11, 12, 13, 14, 16, 17, 18 and 19 is hereby granted.
SO ORDERED Spada, J. CT Page 8651