[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 23, 1991, the plaintiff, Linda Farace, parent and next friend of Thomas Farace, a minor, filed a one count complaint against the defendant Board of Education of the Town of Guilford. The plaintiff alleges that Thomas Farace was a student at a school which was operated and controlled by the defendant. The plaintiff alleges while Thomas Farace was attending school at or about 12:30 p.m., while the minor plaintiff awaited the start of classes students who were involved in a fight suddenly and without warning pushed him to the floor. As a result of the incident, Thomas Farace allegedly suffered personal injuries and the plaintiff allegedly incurred medical expenses. The plaintiff alleged that the incident and the resulting injuries were caused by the defendant's negligence in that it failed to properly and adequately supervise and oversee the students, and it failed to implement a policy providing for teachers' classroom supervision of students during school hours.
Summary judgment may be granted when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384; CT Page 9458 Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 316-17,477 A.2d 1005 (1984). "The burden of establishing the absence of a genuine issue of material fact and the entitlement to recovery as a matter of law lies with the moving party." Zapata v. Burns,207 Conn. 496, 502, 542 A.2d 700 (1988). A motion for summary judgment may be used to test the legal sufficiency of the complaint after the pleadings have been closed. Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409, 279 A.2d 540 (1971).
The defendant argues that it may be immune from liability pursuant to the doctrine of sovereign immunity and/or governmental immunity.
The plaintiff argues that sovereign immunity is not applicable because only the municipality could be held liable for damages, not the state.
"The protection afforded by [the doctrine of sovereign immunity] has been extended to agents of the state acting in its behalf." Cahill v. Board of Education, 187 Conn. 94, 101,444 A.2d 907 (1982). "A town board of education can be an agent of the state for some purposes and an agent of the municipality for others. . . . A town board of education thus potentially enjoys immunity under two different theories of immunity for acts carried out within its governmental capacity." Heigl v. Board of Education, 218 Conn. 1, 3-4, 587 A.2d 423 (1991).
"Local boards of education act as agents of the state when fulfilling the statutory duties imposed upon them by the legislature in light of the state constitutional mandate to furnish public education." R.A. Civitello Co. v. New Haven,6 Conn. App. 212, 218, 504 A.2d 542 (1986). "`In determining whether a local school board is afforded the protections consistent with the doctrine of sovereign immunity, the courts look to whether the suit would operate to control or interfere with the activities of the state.'" Id. citing Cahill v. Board of Education, supra.
"Each town shall through its board of education maintain the control of all the public schools within its limits. . . ." General Statutes 10-240. "Local boards of education act on the behalf of the municipality, then, in their function of maintaining control over the public schools within the municipality's limits." Cheshire v. McKenney, 182 Conn. 253, 258-59, 438 A.2d 88 (1980); see also R.A. Civitello Co. v. New Haven, supra, 218. When acting CT Page 9459 on the behalf of the municipality, local boards of education are not shielded by the doctrine of sovereign immunity. See, e.g., Kosloff v. Fairfield County Council of Boy Scouts of America, 6 CTLR 88 (February 25, 1992, Spear. J.) (sovereign immunity does not bar claim against school board that minor plaintiff was injured while roller skating on school grounds, since board was not acting as a state agent in maintaining control over the school); Johnson v. Williams, Superior Court, Judicial District of Fairfield at Bridgeport, Docket Number 24 70 69, (February 25, 1992, Spear, J.) (sovereign immunity does not bar claim that minor plaintiff was struck on the head by a pole which supported sports equipment while watching a basketball game on school grounds, since board was not acting as a state agent in maintaining control over the school). But see Arvoy v. City of Stamford, 2 Conn. L. Rptr. (August 21, 1990, Lewis, J.) (sovereign immunity does bar claim against school board that plaintiff was assaulted by another student and suffered personal injuries, since board of education while performing its educational functions is a state agent).
In the present action the plaintiff's allegations concern the defendant's function of maintaining control over the school. Hence the defendant was not acting as a state agent, and the doctrine of sovereign immunity does not bar the plaintiff's claim.
The defendant however also argues that a board of education enjoys governmental immunity for its actions, if the actions are governmental or discretionary in nature. The defendant cites Heigl v. Board of Education, supra, for the proposition that actions which a board of education takes pursuant to a duty to supervise students or related to the promulgation of school policies are governmental or discretionary in nature.
The plaintiff argues that only actions involving the promulgation of school policies are discretionary, and that the allegations of the present case involve a ministerial duty, the supervision of students.
"`Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action.'" Heigl v. Board of Education, supra, 5, citing Gauvin v. New Haven, 187 Conn. 180, 184,445 A.2d 1 (1982). "`[A] municipality is immune from liability for the CT Page 9460 performance of governmental acts as distinguished from ministerial acts. . . .'" Heigl v. Board of Education, supra, 4, citing Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 167, 544 A.2d 1185
(1988). See also Tango v. New Haven, 173 Conn. 203, 204-05,377 A.2d 284 (1977); Wright v. Brown, 167 Conn. 464, 471, 356 A.2d 176
(1975).
In Heigl v. Board of Education, supra, the plaintiffs brought an action against the defendant board alleging that their son was involved in a fatal automobile accident after the decedent left the school grounds during school time, pursuant to the defendant's open campus policy. The plaintiffs claimed that the defendant failed to exercise due care in that it promulgated a policy which permitted students to leave the school grounds without supervision.
The Connecticut Supreme Court in Heigl addressed the plaintiffs' claims regarding the defendant's duty to supervise students:
 Neither the General Statutes nor our decisional law has ever stated that a board of education has a specific duty to supervise high school students. Even if such a duty exists, actions pursuant to such a duty are discretionary if they `are performed wholly for the direct benefit of the public'. . .`If the duty imposed. . .is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [duty is private]'. . .If on the other hand, `no one individual is affected. . .in a manner different from other members of the general public. . .the duty imposed is. . .public'. . .[T]he board was acting for the public benefit and was not discharging an affirmative duty toward an identifiable individual student. As a result, any action by the board in this regard was discretionary and therefore protected from liability.
(Citations omitted.) Id., 8.
In the present case, the plaintiffs allege that the defendant was negligent in that it failed to properly supervise CT Page 9461 the students. Pursuant to the holding of Heigl v. Board of Education, supra, if a duty to supervise exists, it is a discretionary duty, and the defendant is immune from liability.
"The act of promulgating a policy. . .is a discretionary activity." Id., 5. "One reason for granting a local government immunity from tort liability is that. . .a civil trial may be an inappropriate forum for testing the wisdom of legislative actions." Id., 6 n. 5.
In the present case, the plaintiff alleges that the defendant was negligent in that it failed to implement a policy providing for the supervision of students by a teacher. Pursuant to the holding of Heigl v. Board of Education, supra, board decisions regarding promulgation of policy are discretionary duties, and the defendant is immune from liability. Therefore, the defendant is entitled to summary judgment in its favor based on its special defense of governmental immunity.
Reilly, J.