[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONDEFENDANTS' MOTION TO STRIKE AND OBJECTION THERETO
The instant action arises from an occurrence on or about February 16, 1991 wherein the premises at 6 Irwin Place, New Britain were purportedly consumed by fire causing the deaths and injuries as set forth in the 65 count complaint against the defendants, the City of New Britain ("City"), Norman Wnuk ("Wnuk"), Richard Burns ("Burns"), David Zajac ("Zajac"), Wayne Gliefert ("Gliefert"), Aime Brochu ("Brochu"), Thomas Keogh ("Keogh"), John Dinda ("Dinda") and the New Britain Housing Authority ("Authority"). The plaintiffs seek money damages as a result of the alleged negligence of the named defendants.
On June 29, 1993, the defendants, City, Wnuk, Zajac, Burns, Gliefert, Brochu, Keogh and Dinda, filed a Motion to Strike and an accompanying memorandum of law directed against counts 22 through 49 of the complaint on the ground that these counts are not sufficient based on General Statutes § 52-557n(b)(7). The plaintiff Maresca filed an objection to the motion to strike dated July 12, 1993. The plaintiff Vives filed a memorandum of law in opposition to the defendants' motion to strike dated September 3, CT Page 4667 1993 and a supplemental reply memorandum dated February 4, 1994. The defendants submitted a supplemental brief dated January 1994.
At oral argument on February 17, 1994, the defendants abandoned their claim to strike counts 34 through 49 of the complaint and directed their motion to strike only against counts 22 through 33 of the complaint. Counts 22 through 33 are directed only against the following defendants: Wnuk, Burns, Zajack [Zajac] and Gliefert. Counts 22 through 24 of the complaint allege a claim of negligence, loss of consortium and emotional distress against Wnuk, the acting building official at the time of the fire. Counts 25 through 27 assert a claim of negligence, loss of consortium and emotional distress against Burns, the former building official. Counts 28 through 30 allege a claim of negligence, loss of consortium and emotional distress against Zajack [Zajac], the building inspector. Counts 31 through 33 allege a claim of negligence, loss of consortium and emotional distress against Gliefert, the electrical inspector.
"Whenever any party wishes to contest the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." SeeGordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988); Practice Book § 152(1). In determining the sufficiency of the pleading, "the trial court may not seek beyond the pleading for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281,283 (1982). All well pleaded facts in a contested pleading are deemed admitted, and should be construed in a light most favorable to the nonmoving party. Roe v. Godou, 209 Conn. 273, 278 (1988). A defendant may raise the issue of immunity in a motion to strike based on the sufficiency of the complaint. Heigle v. Board ofEducation, 218 Conn. 1 (1991).
The defendants argue in their memorandum of law that the allegations contained in counts 22 through 33 are barred by the governmental and municipal employee immunity provisions of General Statutes § 52-557n(b)(7). Defendants' counsel also raised for the first time at oral argument that the allegations contained in counts 22 through 33 are also barred by the immunity provisions of General Statutes § 52-557n(b)(8). The defendants contend that the plaintiffs fail to allege any facts of recklessness necessary to sustain a cause of action against the municipality and its CT Page 4668 employees pursuant to both General Statutes § 52-557n(b)(7) and § 52-557n(b)(8). The defendants also claim that they are entitled to common law immunity for an alleged failure to adequately inspect and discover housing code violations alleged to be the cause of the fire, citing Evon v. Andrews, 211 Conn. 501, 505
(1989). The defendants therefore urge that the court grant its motion to strike as argued.
Plaintiff Maresca argues in his memorandum of law that the defendants are not entitled to governmental immunity based on either General Statutes § 52-557n(b)(7) or § 52-557n(b)(8). Plaintiff Maresca contends that the defendants were negligent in one or more of the following ways: in failing to inspect the premises, in inspecting the premises and in issuing building permits and a certificate of occupancy. Essentially, the plaintiff Maresca maintains that these are ministerial activities which take the defendants outside of the protection of governmental immunity. The plaintiff Vives also maintains that the defendants breached ministerial duties and are liable for negligence in the performance of those activities.
The court must first determine whether the official owed a public or private duty while acting in the course of his employment. Shore v. Stonington, 187 Conn. 147 (1982).
 "[I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance must be a public and not an individual injury, and must be addressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or perform improperly, is an individual wrong and may support an individual action for damages."
See Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 165
(1988). If it is determined that the "duty involved . . . is a public duty, the issue of municipal liability may also turn upon whether the specific act in issue was ministerial or discretionary."Leger v. Kelly, 142 Conn. 585 (1955). "Governmental [discretionary] acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature."Gordon v. Bridgeport Housing Authority, supra, 167. "The word CT Page 4669 ministerial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion."Evon v. Andrews, 211 Conn. 501 (1989). "Where the municipality through its agent or employee acts in the performance of a governmental [discretionary] duty, it has limited immunity from liability. . . ." Tango v. New Haven, 173 Conn. 203 (1977). However, if the act complained of involves the performance of ministerial duty, or one of the narrow exceptions to the doctrine of governmental immunity applies, then the municipality may be liable for the negligent execution of the duty. Evon v. Andrews, supra, 505.
 [There are] three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; . . . second, where a statute specifically provides for a cause of action against the municipality or a municipal officer for failure to enforce certain laws; . . . and third, where the alleged acts involve malice, wantonness or intent to injure rather than negligence. (Citations omitted.) Id.
The common law of municipal immunity has been codified in General Statutes § 52-557n, which provides in pertinent part:
 (b) Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties" shall not be liable for damages to the person or property resulting from:. . . . (7) the issuance, denial, suspension or revocation of, or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization when such authority is a discretionary function by law, unless such issuance, denial, suspension or revocation or such failure or refusal constitutes a CT Page 4670 reckless disregard for health or safety. . . .
The issuance of building permits and certificates of occupancy are governmental functions. In order to sustain a cause of action under General Statutes § 52-557n(b)(7), the plaintiff must allege that the failure to issue or issuance of any permit or certificate constituted a reckless disregard for health or safety. The actor must have recognized that the conduct involves a risk substantially greater than negligence. The issuance of a building permit and certificate of occupancy is a discretionary function.
The plaintiffs allege that the defendants were negligent in issuing and in failing to revoke certain building permits and a certificate of occupancy in counts 22 through 23 of the complaint. The plaintiffs fail to allege any facts that the defendants' issuance and failure to revoke said building permits and certificate of occupancy amounted to a "reckless disregard" for the health and safety of the plaintiffs pursuant to General Statutes § 52-557n(b)(7). The allegation that the defendants negligently issued and failed to revoke said building permits and certificate of occupancy contained in counts 22 through 23 are legally insufficient pursuant to General Statutes § 52-557n(b)(7)
General Statutes § 52-557n also provides in pertinent part:
 (b) Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from:. . . . (8) failure to make an inspection or making an inadequate or negligent inspection of any property, other than property owned or leased by or leased to such political subdivision, to determine whether the property complies or violates any law or contains a hazard to health or safety, unless the political subdivision had notice of such violation of law or such a hazard or unless such failure to inspect or such inadequate or negligent inspection constitutes a reckless disregard for health or safety under all of the relevant CT Page 4671 circumstances. . . .
Also, in Evon v. Andrews, supra, 501, the court held that the city and its officers were entitled to governmental immunity based on the alleged failure to adequately inspect the decedent's dwelling for fire code violations or prescribe remedial action to be taken by the owners. In discussing the principles of governmental immunity in the context of housing code enforcement, the court stated
 [A]n inspection by definition involves a checking or testing of an individual against established standards . . . what constitutes a reasonable, proper or adequate inspection involves the exercise of judgment. . . . [N]o matter how objective the standard, an inspector's decision as to whether a building falls below a standard and whether remedial orders are therefore required involves the exercise of his or her judgment. It is axiomatic that ministerial acts [are those that] are performed in a prescribed manner without the exercise of judgment. . . . Since the acts alleged . . . required in some measure the exercise of judgment by a municipal employee, we conclude that they were not ministerial and therefore the defendants were immune from liability.
Id., supra, 506-507.
The plaintiffs allege in counts 22 through 33 of the complaint that the defendants failed to inspect and negligently inspected the premises in question. The plaintiffs have failed to plead any allegations of recklessness as required by General Statutes § 52-557n(b)(8). They have also failed to plead that the political subdivision had notice of any violation of law or hazard to health and safety as required by General Statutes §52-557n(b)(8). The allegations that the defendants failed to inspect and negligently inspected the premises are legally insufficient pursuant to General Statutes § 52-557n(b)(8) and also pursuant to the principles enunciated in the Evon v. Andrews decision, supra, 501.
For the foregoing reasons, the court finds that counts CT Page 4672 22 through 33 are legally insufficient, and the defendants' motion to strike counts 22 through 33 of the, complaint is hereby granted.
EDDIE RODRIGUEZ, JR., JUDGE