[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The minor plaintiff, Carvin Smith, brings this action through his mother and next friend, the plaintiff Doris Paulin, to recover for injuries sustained when he was allegedly assaulted by four students while participating in recreational activities on the premises of Batchelder Elementary School (hereinafter, "school").
The complaint is in four counts. Count one is directed at five defendants: Richard Spurling, school principal; Martin Bush, school vice principal; Kathleen Garacy-Sheehan and Grace Sheridan, school para-professionals; and Wanda Gaines, a member of the school's security personnel.
Count Two is an indemnification claim against the CT Page 6159 city of Hartford pursuant to General Statutes § 7-465 for any sum which the defendant school employees become obligated to pay. Count Three is a similar claim brought against the defendant Board of Education and its chairperson, the defendant Carmen Rodriquez, pursuant to General Statutes § 10-235.
Count Four is a claim by Doris Paulin directed against all the defendants. She seeks to recover the amounts she expended for the medical care of the minor plaintiff.
The plaintiffs allege, inter alia, that the defendants had a ministerial duty to exercise reasonable care to supervise, protect and ensure the safety of the minor plaintiff; and that they knew or should have known that their failure to do so would result in harm to the plaintiff.
The defendants now move to strike all four counts of the complaint. The defendants argue that the plaintiffs' allegations fail to establish that any of the defendants breached a duty owed to the plaintiffs. Both parties have filed memoranda of law in support of their respective positions.
Discussion
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108
(1985). "The court must construe the facts in the [pleadings] in the manner most favorable to the non-moving party." Rowe v.Godou, 209 Conn. 273, 278 (1988). If the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must fail. Mingachos, supra, 109. The defendants argue that the motion to strike should be granted because the doctrine of governmental immunity shields them from any potential liability. The plaintiffs respond by arguing that the defendants were engaged in a ministerial duty and therefore the doctrine of governmental immunity does not apply. They rely on the proposition that:
 [A] municipal employee has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . The work `ministerial' `refers to a duty which is to be performed in a prescribed manner without CT Page 6160 the exercise of judgment or discretion.' Wright v. Brown, 167 Conn. 464, 471 [1975].
Fraser v. Henninger, 173 Conn. 52, 60 (1977).
In the present case, it must be determined whether the complaint alleges discretionary acts, in which case governmental immunity may shield the defendants from liability,[1] or ministerial acts. Although Connecticut courts have, in certain circumstances, approved the procedure of determining whether a duty is ministerial or discretionary as a matter of law; see, e.g., Redfearn v. Ennis, 28 Conn. App. 398, 401 (1992), this is generally held to be a question of fact. Gauvin v. New Haven,187 Conn. 180, 186 (1982). Such a determination does not readily lend itself to resolution by a motion to strike.Hixson v. City of Hartford, 6 CSCR 498 (April 18, 1991, Maloney, J.).
The plaintiffs' complaint alleges more than merely a failure to supervise. Plaintiffs specifically allege that the defendants failed to even institute measures that would lead to the adequate monitoring and supervision of the students. The "allegations of the complaint are broad . . . . As they stand they would permit proof of facts which would establish that the defendants failed properly to discharge ministerial functions."Tango v. New Haven, 173 Conn. 203, 205 (1977). The defendants have not demonstrated as a matter of law that the actions complained of are necessarily discretionary and therefore are afforded the protection of governmental immunity.[2] Rosen v. Reale, supra; Viens v. Graner, Superior Court, Judicial District of New London, Docket No. 529313 (June 16, 1993); Ney v. Waterbury Board of Education, 7 CSCR 731 (May 20, 1991, Cofield, J.). See also, Koloniak v. Board of Education,28 Conn. App. 277, 281-82 (1992). Accordingly, defendants' motion to strike is denied.