[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
On May 8, 1990, the plaintiffs, Sharron Palm and Katherine Piurek, filed an amended substituted complaint against Carlo Zazzarino (Zazzarino), the City of West Haven (City), and William Blythe (Blythe).
Counts one through six are directed against the defendant Zazzarino. Count seven of the complaint is directed against the City and Blythe. According to the facts alleged in count seven, Blythe is a building official for the City. Prior to July 29, 1988, Blythe inspected property located at 365 First Avenue, West Haven, Connecticut, at the request of defendant Zazzarino for the purpose of determining whether the premises were in compliance with the state building code. Thereafter, Blythe issued a certificate of occupancy for the property. The plaintiffs allege that, at the time of the issuance of the certificate, the premises were not in compliance with the requirements of the state building code. The plaintiffs claim that they relied on the certificate in purchasing the property from Zazzarino and have suffered losses as a result of the non-compliance. The plaintiffs allege that their losses were due to the negligence, carelessness, and recklessness of the City and Blythe, in that Blythe, acting as an agent of the City, inspected and issued a certificate of occupancy in reckless disregard of the safety of the premises. CT Page 9759
On August 10, 1994, the City and Blythe filed a motion for summary judgment. The defendants appear to argue that they are entitled to judgment as a matter of law on the basis of governmental immunity for negligent actions of a municipal employee in the performance of a discretionary duty. Contrary to Practice Book § 380, the defendants did not file any documents in support of their motion.
On May 16, 1995, the plaintiffs filed an objection to the motion for summary judgment and a memorandum in support thereof. The plaintiffs contend that summary judgment is improper in this case because there is a genuine issue of material fact as to whether Blythe was reckless. The plaintiffs maintain that there is an exception to governmental immunity for discretionary acts done in reckless disregard for health or safety. The plaintiffs filed an affidavit and a report from their architect averring that there are building code violations.
"The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.). Suarez v. DickmontPlastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994); Practice Book § 384. "[T]he opposing party must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue." (Internal quotation marks omitted.). 2830 Whitney Avenue Corp. v.Heritage Canal Development Associates, Inc., 33 Conn. App. 563,567, 636 A.2d 1377 (1994).
In ruling on a summary judgment motion the court is "obligated to accept as true all well pleaded facts and the . . . evidence offered in opposition to the . . . motion, and to determine whether the . . . claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery."Suarez v. Dickmont Plastics Corp., supra 229 Conn. 110. "In deciding a motion for summary judgment the trial court must view the evidence in the light most favorable to the nonmoving party . . . ." (Internal quotation marks omitted.). Id., 105.
It is well-settled that municipalities and their employees are immune from liability for the negligent performance of CT Page 9760 discretionary acts. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 166-67, 544 A.2d 1185 (1988); General Statutes 52-557n. The immunity is, however, limited. For example, municipalities, and agents acting within the scope of their employment, are subject to liability for reckless conduct in the performance of their duties. Gordon, supra, 208 Conn. 167 (stating that there is an exception to the rule that officials who undertake discretionary actions are immune from civil liability "where the complaint alleges an action involving malice, wantonness or intent to injure, rather than negligence."); Iovino v. City of Norwich, Superior Court, judicial district of New London at Norwich, Docket No. 096913 (March 28, 1994, Teller, J.) (stating that "although a municipality may not be liable for discretionary actions, liability may be imposed when such actions constitute . . . a reckless disregard for health or safety."); Prestia v. Zajac, 7 CSCR 1142
(September 14, 1992, Spada, J.). Specifically, municipalities and their employees are liable for inadequate or negligent inspection of property which constitutes a reckless disregard for health or safety. General Statutes 52-557n(b)(8); Maresca v. New Britain, supra, 9 CSCR 618.
In ruling on a motion for summary judgment, the court's function is to determine whether any issue of fact exists. Nolanv. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). Whether Blythe's conduct amounts to recklessness is a question of fact to be determined by the trier of fact. Clemon v. Bendtsen, Superior Court, judicial district of Waterbury, Docket No. 010439 (August 8, 1991, Gaffney, J.), citing Brock v. Waldron, 127 Conn. 79, 83,14 A.2d 713 (1940). "It is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." Nolan v.Borkowski, supra, 206 Conn. 505, citing Batick v. Seymour,186 Conn. 632, 646-47, 443 A.2d 471 (1982).
Accordingly, the defendants' motion for summary judgment is denied.
Robert A. Martin, Judge CT Page 9761