[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The minor plaintiff, John Doe, through his grandmother, filed an eight count revised complaint against the defendants, Richard Roe et. al.,[1] alleging that Roe, a junior counsellor, sexually assaulted and molested Doe during a day camp program at Lauter Park in Willimantic, Connecticut.
The first count of the revised complaint alleges that Roe's sexual assault of the plaintiff was willful, wanton, and malicious.
The second count of the revised complaint alleges that Roe's mother negligently and carelessly failed to restrain her son from sexually assaulting the plaintiff. CT Page 3554
The third count of the revised complaint alleges that Roe knew or should have known that his conduct involved an unreasonable risk of harm to the plaintiff.
The fourth count of the revised complaint alleges that the Town of Windham negligently caused the injuries suffered by the plaintiff by failing to properly supervise the camp activities and conduct of its employees and staff.
The fifth count of the revised complaint alleges that Patty Murphy negligently failed to interview, test and/or screen applicants for the counselor position and failed to properly supervise the operation of the day camp and the conduct of the employees.
The sixth count of the revised complaint alleges that Laura Morytko negligently failed to interview, test and/or screen applicants for the counselor position and failed to properly supervise the operation of the day camp and the conduct of the employees.
The seventh count of the revised complaint alleges that Chris Toomey and Valerie Haddad negligently failed to supervise the operations of the day camp.
The eighth count alleges that the Town of Windham breached its contract with the plaintiff by failing to provide the plaintiff with properly supervised recreational activities.
On December 30, 1994, the defendants, Town of Windham, Patty Murphy-Anthony a/k/a Patty Murphy, Laura Morytko, Chris Toomey and Valerie Haddad, filed a motion to strike counts four and eight in their entirety on the ground that the doctrine of governmental immunity precludes any liability the Town of Windham may incur. Additionally, the defendants moved to strike portions of counts five, six and seven, arguing that the municipal employee defendants are immune from liability for the alleged negligent performance of their acts because such acts were discretionary.
Pursuant to Practice Book section 155, the defendants have filed a memorandum in support of its motion to strike, and the plaintiff has filed a timely memorandum in opposition.
The purpose of a motion to strike is to challenge the legal CT Page 3555 sufficiency of the pleadings. RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994); Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). The motion to strike admits all well pleaded facts.Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 217 (1987). The motion to strike "does not admit legal conclusions or opinions stated in the complaint." Westbrook Bank Trust Co. v. Corcoran,Mallin Anesco, 221 Conn. 490, 495, 605 A.2d 862 (1992).
In reviewing the motion to strike, the court must construe the complaint in the light most favorable to the plaintiff. RKConstructors, Inc. v. Fusco Corp., supra, 231 Conn. 384; NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). If the complaint contains the necessary elements of a cause of action, it will survive a motion to strike.D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 218-19, 520 A.2d 217 (1987). If the complaint alleges mere conclusions of law that are unsupported by the facts alleged, however, the court may properly grant the motion to strike.Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra,224 Conn. 215. Moreover, a defendant may assert governmental immunity in a motion to strike based on the sufficiency of the complaint.Heigle v. Board of Education, 218 Conn. 1, 3, 587 A.2d 423 (1991).
The defendants argue that the court should strike count four of the revised complaint because the doctrine of governmental immunity shields the defendant, Town of Windham, from liability for the acts of its agents, servants and/or employees.
To determine whether the doctrine of governmental immunity applies, the court first must decide whether the defendant owed a public or private duty to the plaintiff. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). "A private duty is a duty that, when performed, the performance of it will affect an individual in a manner different in kind from the way it affects the public at large. . . . If, on the other hand, no individual is affected. . . in a manner different from other members of the general public. . . [t]he duty imposed is public. . . ." (Citations omitted; internal quotation marks omitted.) Hiegelv. Board of Education, 218 Conn. 1, 8, 587 A.2d 423 (1991).
To survive the motion to strike, the court must determine, as a matter of law, whether the defendant owed a duty to the plaintiff. Gordon v. Bridgeport Housing Authority, supra, 208 Conn. 171;Burns v. Board of Education, 228 Conn. 640, 646, 638 A.2d 1
CT Page 3556 (1994); Shore v. Stonington, 187 Conn. 147, 151, 444 A.2d 1379
(1982). If the court determines that no duty existed then it must grant the defendants' motion to strike. See Gordon v. BridgeportHousing Authority, supra, 181.
In the present case, the plaintiff alleges that the Town and its employees failed to protect the plaintiff from injury and failed to maintain adequate supervision and control over its employees. Connecticut has not determined whether a Town sponsored day camp owes a duty to its participants. Other cases, however, have held that "a duty to supervise students is a public duty as it affects students generally, and is not a private or specific duty owed to an individual." Viens v. Graner, Superior Court, judicial district of New London at New London, Docket No. 524313 (June 28, 1993, Teller, J.) Because a school is analogous to a day camp in that a group of individuals are "supervised" throughout the day, the camp owes the plaintiff a public duty. Moreover, the duty arising from a day camp affects no individual in a manner different from other members of the general public. Therefore, the court finds that the camp owed the individual plaintiff a public duty.
Having determined that the defendants owed a public duty to the plaintiff, the next question, the issue of municipal liability, hinges on whether the defendants' acts complained of are ministerial or governmental/discretionary or if one of the exceptions to discretionary acts applies. See Evon v. Andrews,211 Conn. 501, 505, 559 A.2d 1131 (1989); Roman v. Stamford,16 Conn. App. 213, 221, 547 A.2d 97 (1988).
A governmental or discretionary act is one performed for the benefit of the public and is supervisory or discretionary in nature. Gauvin v. New Haven, 187 Conn. 180, 184, 445 A.2d 1
(1982). "[A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he performs a ministerial act, as opposed to a discretionary act. . . . The word ministerial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Citations omitted; internal quotation marks omitted). Evon v. Andrews, supra, 211 Conn. 505. "Where the municipality through its agent or employee acts in the performance of a governmental [discretionary] duty, it has a limited immunity from liability. . . ." Tango v. New Haven, 173 Conn. 203, 204-05,377 A.2d 284 (1977).
Connecticut recognizes three exceptions to a municipal CT Page 3557 employee's qualified immunity for discretionary acts. "First where the circumstance makes it apparent to the public officer that his or her failure to act would likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal officer for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted.) Id.
Generally, whether an act is discretionary or ministerial in nature is a question of fact which cannot properly be decided on a motion to strike. Gauvin v. New Haven, 187 Conn. 180, 186,445 A.2d 1 (1982); Tango v. New Haven, supra, 173 Conn. 204-05; see alsoGordon v. Bridgeport Housing Authority, supra, 181 (holding "[had] such a duty existed, then the plaintiff would have an opportunity to demonstrate that the defendant's actions in carrying out that duty were either ministerial or fell under an exception for discretionary acts."); see also O'Farrell v. Claude ChesterElementary School, Superior Court, judicial district of New London at New London, Docket No. 526692 (August 16, 1995, Hendel, J.);Martin v. Plaude, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 0278393S (March 18, 1994, Naiocco, J);Little v. Booth, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 05149525 (October 28, 1993, Dunn, J., 10 Conn. L. Rptr. 290, 292); Rodrigues v. Plante, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 399027 (October 4, 1991, Burns, J.); Hixson v. City ofHartford, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 381130 (April 18, 1991, Maloney, J.,6 CSCR 498).
To determine the nature of the defendants' duty to supervise, the court must look outside the pleadings because the pleadings are not determinative of whether the Town was engaged in a governmental or ministerial act. Accordingly, reading the complaint in the light most favorable to the plaintiff, the defendants' motion to strike count four of the complaint is denied.
The defendants further contend that the court should strike subparagraphs 12a, 12b, 12c and 12e of counts five, six and seven because such counts fail to set forth a cause of action. The defendants contend that subparagraphs 12a, 12b, 12c and 12e do not fall within the exception to governmental immunity where there is a risk of imminent harm to an identifiable person. The defendants further contend that only subparagraph 12d applies to this CT Page 3558 exception. Accordingly, the defendants have moved to strike subparagraphs 12a, 12b, 12c and 12e.
The defendants, however, predicated this argument on the assumption that this court would determine that the defendants' acts were discretionary. The foreseeable victim exception is only applicable if the court had determined that the defendants' acts were discretionary in nature. For the reasons stated, the court determined that the question of whether an act is ministerial or discretionary is properly determined by the trier of fact, and not properly determined on a motion to strike.
Moreover, a motion to strike particular paragraphs of a count is improper. "A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated. . . ." The Grove Corporation v. Tinity,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 377774 (January 4, 1991, Hennessey, J.,3 Conn. L. Rptr. 647, 649); Donovan v. Davis, 85 Conn. 394, 397,82 A. 1025 (1912). "A motion to strike a single paragraph is technically improper when the paragraph does not purport to state a cause of action." Michaud v. St. Mary's Hospital, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 099015 (August 21, 1991, Byrne, J., 4 Conn. L. Rptr. 442, 443). A motion to strike "may not be addressed to separate paragraphs of the pleadings, for it is the total of a pleading not the individual paragraphs, which must set up a cause of action. . . ." Ahsan v.Olsen, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 314430 (November 9, 1987, Wagner, J.,3 CSCR 55).
Paragraphs 12a through 12e of the fifth, sixth and seventh counts do not state nor do they purport to state a cause of action. These paragraphs contain general factual allegations which are articulated to support the general allegation of negligence in each of the counts. Accordingly, the defendant's motion to strike these subparagraphs is technically improper; their motion to strike them is denied.
The defendants next argue that the court should strike count eight of the revised complaint because the minor plaintiff was not a party to any agreement between his grandmother and the Town of Windham. Consequently, the defendants argue that the plaintiff cannot bring an action in contract unless the plaintiff is a third party beneficiary of the agreement between the grandmother and the CT Page 3559 Town. The defendants argue that because the eighth count does not allege a clear intent to benefit the minor plaintiff, the plaintiff is not a third party beneficiary, and, as a result, the count fails to state a cause of action.
"It is well settled that one who [is] neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract. . . ." (Internal quotation marks omitted.) Tomlinson v. Board of Education, 226 Conn. 704,718, 629 A.2d 333 (1993).
A third party seeking to enforce a contract must allege facts sufficient to prove that the contracting parties intended that the promisor should assume a direct obligation to the third party.Stowe v. Smith, 184 Conn. 194, 196, 441 A.2d 81 (1981). "[I]t is not in all instances necessary that there be express language in the contract creating a direct obligation to the claimed third party beneficiary." Knapp v. New Haven Road Constructing Co.,150 Conn. 321, 326, 189 A.2d 386 (1963). "[T]he ultimate test to be applied [in determining whether a person may enforce a contract as a third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] and that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties." Id., 325.
In count eight of the revised complaint, the plaintiff has alleged that "the defendant Town of Windham . . . commenced a written registration for children to attend its day camp" and that "the plaintiff grandmother . . . proceeded to register the minor plaintiff as a participant in said day camp . . ." (December 15, 1994 Revised Complaint, p. 10-11). Furthermore, the plaintiff alleges that it was the intention of the plaintiff grandmother and the defendant Town of Windham that by entering into an agreement the said defendant Town of Windham would assume a direct obligation to the minor plaintiff to provide the minor plaintiff with properly supervised recreational activities . . ." (December 15, 1994 Revised Complaint, p. 11).
The plaintiff's complaint, when construed in a light most favorable to the plaintiff, contains allegations that the camp was run for the benefit of the minor plaintiff and that the registration was being conducted because the Town required a registration before accepting a minor at the camp. Accordingly, CT Page 3560 the allegations are sufficient to show that the contracting parties intended that the Town of Windham should assume a direct obligation to the minor plaintiff, a participant in the camp. Therefore, the defendants' motion to strike count eight of the plaintiff's revised complaint is denied.
Martin, J.