123 N.J. Super. 57 (1973)
301 A.2d 467
GEORGE VILLANOVA AND LUCY VILLANOVA, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
AMERICAN FEDERATION OF MUSICIANS, LOCAL 16, ESSEX COUNTY PARK COMMISSION, CITY OF NEWARK AND MUSIC PERFORMANCE TRUST FUNDS OF RECORDING INDUSTRIES, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 13, 1973.
Decided March 9, 1973.
Before Judges GOLDMANN, FRITZ and LYNCH.
Mr. Frank A. Paglianite argued the cause for appellants (Mr. Dante P. Mongiardo, on the brief).
Mr. Richard B. Livingston argued the cause for respondent Essex County Park Commission (Messrs. Braff, Litvak, Ertag, Wortmann & Harris, attorneys).
*58 The opinion of the court was delivered by FRITZ, J.A.D.
Plaintiffs appeal from the entry of summary judgment in favor of defendant Essex County Park Commission. A prior proceeding not here concerned resulted in a dismissal in favor of defendant City of Newark. Defendant American Federation of Musicians is the employer against whom a workmen's compensation claim has been filed.
The facts are simple and, for the purposes of the motion, undisputed. George Villanova is a musician and as such was employed to participate in the giving of a concert on the premises of the Essex County Park Commission. No admittance fee was charged for the concert. Plaintiff claims he fell over "boulders and debris" as he was approaching the bandstand, that the presence of this impediment was the result of negligence on the part of the Essex County Park Commission, and that as a consequence he sustained injuries.
Defendant moved for judgment on the ground that it was immunized from liability by the provisions of N.J.S.A. 2A:42A-1 et seq. The trial judge agreed and dismissed the action. We are of the opinion that the determination was incorrect.
The matter is one of first impression in New Jersey. The issue can be simply posited in terms of whether it was the intent of the Legislature in enacting the statute in question to include a band concert within the activities protected thereby.
The predecessor statute, repealed by the present enactment, simply immunized landowners of agricultural lands or woodlands from responsibility for accidental personal injury suffered in the course of hunting or fishing. L. 1962, c. 107. Senate Bill No. 325, introduced on January 22, 1968, sought to expand the immunity provided by relieving owners, lessees or occupants of premises from a duty to keep the premises safe in connection with hunting, fishing, trapping, hiking, horseback riding or training of dogs. A substitute bill was offered shortly thereafter and enacted in the form *59 in which the statute now appears. L. 1968, c. 73. Defendant urges that the expansion of Senate Bill No. 325 to include "additional activities" and the phrase "other outdoor sport, game and recreational activity" manifests an intent to bring within the ambit of the statute recreational activities as they are defined in a separate statute, N.J.S.A. 13:1B-15.2, and in some dictionaries as forms of play, amusement, diversion or relaxation. We think this approach employs too broad a brush.
Defendant, in its brief, disparages employment of the rule of ejusdem generis by which the connotation of general words may be restricted to a sense analogous to the specific word, or the broader noscitur a sociis, on the basis that, "`Recreational activity' is not a doubtful phrase or ambiguous in meaning." Irrespective of the ambiguity vel non of that phrase, we believe that the legislative purpose is unclear, and that under such circumstances the rules to which we have referred may serve as helpful guides in ascertaining the legislative intent. See Germann v. Matriss, 55 N.J. 193, 220-222 (1970).
Generally speaking, the activities specifically enumerated by the Legislature are more physical than not; are of a nature for the most part typically requiring the outdoors; and are not on the whole "spectator sports," but rather activities in which the individual using the land is himself involved. The statute thus viewed, it appears to us that in the particular circumstances of the case before us, involving as they do injury to a musician in a band concert, the Legislature did not intend the immunity provided by this statute to apply.
Reversed. No costs.