[No. 11434-1-III.   Division Three.   February 27, 1992.]

MARCELLIA MATTHEWS, ET AL, *Appellants*, v. ELK PIONEER DAYS, ET AL, *Respondents*.

*Richard E. Kriger* and *Kenneth J. Albrecht,* for appellants.

*Daniel E. Huntington* and *Richter-Wimberley, P.S.,* for respondents.

THOMPSON, J. — Marcellia and Robert Matthews appeal the summary judgment dismissing their complaint for damages incurred by Mrs. Matthews when a canopy support fell on her at the Elk Pioneer Days Festival in 1988. The trial court held Elk Pioneer Days Festival Committee, Inc., immune from liability under RCW 4.24.210, which protects landowners and occupiers of land who open their land to the public for outdoor recreation. We hold "outdoor recreation", as that term is used in the statute, does not include the festival activities here. Therefore, we reverse the summary dismissal and remand for trial.

Elk Pioneer Days Festival Committee, Inc., is a Washington nonprofit corporation which promotes an annual festival in the community of Elk known as Elk Pioneer Days. The Committee consists of unpaid volunteers who plan, raise

funds, and organize the event. The festival is held outdoors on the grounds of the Elk Community Church in June and consists of entertainment, competitions and demonstrations. There is no charge for admission, although the public may purchase food or arts and crafts from various concession-aires who are charged a nominal fee by the Committee for permission to operate at the festival.

In 1988, the Committee erected a canopy to provide shade over the outdoor stage and viewing area. The canopy was constructed of two parachutes which the Committee borrowed from the Air Force Survival School. William Falk, president of the Committee, attested the canopy was installed according to the instructions given by Air Force personnel. In his deposition, Mr. Falk testified the center support pole was a log which was 15 to 20 feet in length and 6 to 8 inches in diameter. Because the ground was rocky, the pole was seated in a hole only about 6 inches deep. To anchor the pole, four long stakes were placed tight against it and these stakes were driven 2 to 3 feet into the ground. The stakes were secured to the pole with a heavy nylon rope. The edges of the canopy were held by outer support poles and guide wires, marked with fluorescent tape.

On the day of the accident, Mrs. Matthews was seated about 1½ feet from the center support pole, watching a performance on the stage. Mr. Falk was also watching the performance. He said a sudden, strong gust of wind filled the canopy with air. The center support pole fell, striking Mrs. Matthews from the back. She suffered a fractured vertebra, a smashed disc, and injury to her spleen. Just prior to the accident, a young boy on a bike struck one of the outer support poles and broke it loose.

Mr. and Mrs. Matthews subsequently filed this action for damages against the Committee. The Committee moved for summary judgment. In granting the Committee's motion, the court cited former RCW 4.24.210, which provides in pertinent part:

> Any public or private *landowners or others in lawful posses-*
> *sion* and control *of any lands* whether rural or urban . . . *who*
> *allow members of the public to use them for the purposes of*
> *outdoor recreation,* which term includes, but is not limited to,
> the cutting, gathering, and removing of firewood by private
> persons for their personal use without purchasing the firewood
> from the landowner, hunting, fishing, camping, picnicking,
> swimming, hiking, bicycling, the riding of horses or other
> animals, clam digging, pleasure driving of off-road vehicles,
> snowmobiles, and other vehicles, boating, nature study, winter
> or water sports, viewing or enjoying historical, archeological,
> scenic, or scientific sites, without charging a fee of any kind
> therefor, *shall not be liable for unintentional injuries to such*
> *users*: . . ..[1]

(Italics ours.)

Mr. and Mrs. Matthews contend "outdoor recreation", as used in the statute, does not include the activity of attending a weekend celebration or watching entertainment on an outdoor stage. The Committee disagrees, arguing application of the immunity to these activities furthers the statutory purpose, as stated in RCW 4.24.200,

> to encourage owners or others in lawful possession and control
> of land and water areas . . . to *make them available to the*
> *public for recreational purposes by limiting their liability*
> *toward persons entering thereon* . . ..

(Italics ours.)

The issue presented in this appeal is one of first impression in Washington. The Committee cites *Hall v. Turtle Lake Lions Club*, 146 Wis. 2d 486, 431 N.W.2d 696 (Ct. App.), *review denied*, 147 Wis. 2d 889 (1988). There, the plaintiff was injured when he stepped into a hole on the grounds of the Turtle Lake Village Park during a fair sponsored by the Turtle Lake Lions Club. The court held the statutory immunity applied. It relied upon the statement of legislative intent that "*where substantially similar circumstances or activities [to those enumerated in the statute] exist, this legislation should be liberally construed in favor of property owners* to protect them from liability". *Hall*, at 488 (quoting section 1 of Wis. Act 418). The court concluded

---

[1]The statute was amended in 1991, but the changes do not affect the provisions at issue in this appeal. *See* Laws of 1991, ch. 50, § 1; ch. 69, § 1.

at page 488 that a fair is "substantially similar" to several of the examples of the kinds of activities set forth in the definition of recreational activity: " 'nature study' ", " 'sight-seeing,' " as well as " 'any other . . . educational activity.' "

Hall is distinguishable because the Wisconsin statute differs significantly from Washington's recreational use statute. RCW 4.24.200-.210 does not provide for a policy of liberal construction in favor of property owners. Nor is festival activity similar to the examples of outdoor recreation given in the Washington statute.

Absent a stated direction of liberal construction, RCW 4.24.210 should be strictly construed. RCW 4.24.210 is in derogation of the common law rules of liability of landowners and occupiers. Statutes in derogation of the common law are *strictly construed* and no intent to change that law will be found unless it appears with clarity. *McNeal v. Allen*, 95 Wn.2d 265, 269, 621 P.2d 1285 (1980).

We therefore look to the wording of RCW 4.24.210. The statute provides immunity to landowners or occupiers who allow the public to use their land for "outdoor recreation". This general provision is followed by a list of specific examples. Under the statute, the term "outdoor recreation" includes but is not limited to these examples.

In *Villanova v. American Fed'n of Musicians, Local 16*, 123 N.J. Super. 57, 301 A.2d 467, *cert. denied*, 63 N.J. 504, 308 A.2d 669 (1973), the court employed the rule of ejusdem generis in deciding whether a county park commission was immune from liability to a musician who was injured during a free public concert at the park. Under the rule of ejusdem generis, the connotation of a general word may be restricted to a sense analogous to the specific words. *Villanova*, at 59. The New Jersey statute provided landowner immunity from liability arising from a plaintiff's "hunting, fishing, trapping, hiking, horseback riding or training of dogs" and " 'other outdoor sport, game and recreational activity' ". *Villanova*, at 58-59. The court held at page 59:

> Generally speaking, the activities specifically enumerated by the Legislature are more physical than not; are of a nature

for the most part typically requiring the outdoors; and are not on the whole "spectator sports," but rather activities in which the individual using the land is himself involved. The statute thus viewed, it appears to us that in the particular circumstances of the case before us . . . the Legislature did not intend the immunity provided by this statute to apply.

*See also* Annot., *Effect of Statute Limiting Landowner's Liability for Personal Injury to Recreational User*, 47 A.L.R.4th 262 (1986).

■ The rule of ejusdem generis is well recognized in Washington. *See Southwest Wash. Chapter, Nat'l Elec. Contractors Ass'n v. Pierce Cy.*, 100 Wn.2d 109, 116, 667 P.2d 1092 (1983); *Kringel v. Department of Social & Health Servs.*, 45 Wn. App. 462, 726 P.2d 58 (1986). *Kringel*, at 465, states: "[G]eneral terms appearing in a statute in connection with specific terms are to be given meaning and effect only to the extent that the general terms suggest items similar to those designated by the specific terms." Here, the question is whether festival activities are similar to the specific examples of outdoor recreation set forth in RCW 4.24.210. Those examples are "the cutting, gathering, and removing of firewood", "hunting, fishing, camping, picnicking, swimming, hiking, bicycling, the riding of horses or other animals, clam digging, pleasure driving of off-road vehicles, snowmobiles, and other vehicles, boating, nature study, winter or water sports", and "viewing or enjoying historical, archeological, scenic, or scientific sites . . .".

■ As in *Villanova*, the common feature of the examples listed in RCW 4.24.210 is that they are the types of activities that require the outdoors. Also, with the exception of "viewing or enjoying historical, archeological, scenic, or scientific sites . . .", the examples are of activities which are physical in nature and require the active involvement of the person using the land. Festival activities of the sort offered by the Committee here — entertainment, competitions, demonstrations — do not require either active involvement or the outdoors. They may be held indoors or out, depending on the time of year and the facilities available.

In addition, we note the trend in the law is toward abrogation of many of the statutory and common law immunities for negligence. *See, e.g., Freehe v. Freehe,* 81 Wn.2d 183, 500 P.2d 771 (1972) (abrogating interspousal immunity), *overruled on other grounds in In re Marriage of Brown,* 100 Wn.2d 729, 731, 675 P.2d 1207 (1984); *Friend v. Cove Methodist Church, Inc.,* 65 Wn.2d 174, 396 P.2d 546 (1964) (abrogating charitable immunity); RCW 4.92.090 and 4.96-.010 (abrogating sovereign immunity). The cited authority demonstrates our society generally assumes persons and entities should be accountable for their negligence. Otherwise, the burden falls on the injured person and upon society as a whole in the form of paying for public services that the injured person may require. As a consequence, the immunities which remain should be strictly construed and limited so that only that immunity which is necessary to serve the particular societal interest involved is recognized. Here, the purpose of RCW 4.24.200-.210 that more land be made available to the public for outdoor recreation is exceeded by protecting landowners from liability to persons who come on their property for activities which can be held either outdoors or indoors. We therefore hold that the Legislature did not intend "outdoor recreation" to include the Committee's activities.

Since RCW 4.24.210 does not provide immunity to the Committee for the injury to Mrs. Matthews during the Elk Pioneer Days Festival, we reverse the summary dismissal of Mr. and Mrs. Matthews' action.

SHIELDS, C.J., and MUNSON, J., concur.

Review denied at 119 Wn.2d 1011 (1992).