12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sandy TODD, wife, and Guardian ad Litem for Jeffrey, Justin
and Branden TODD, Plaintiff-Appellant.
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-35239.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1993.*
Decided Nov. 18, 1993.
 
 Before: TANG, FARRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sandy Todd appeals. We affirm.
 
 I. Recreational Use Statue
 
 3
 We review de novo the district court's grant of summary judgment. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). We determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 4
 Todd argues that the district court erred in holding that the Washington Recreational Use Act granted the government immunity from negligence liability for Todd's fall on the stairway leading to the underwater viewing room at the McNary Dam. We reject the argument. The act's immunity for outdoor recreational uses applies.
 
 The act provides in pertinent part:
 
 5
 [A]ny public or private landowners or others in lawful possession and control of any lands whether designated resource, rural, or urban, or water areas or channels and lands adjacent to such areas or channels, who allow members of the public to use them for the purposes of outdoor recreation, which term includes, but is not limited to, the cutting, gathering, and removing of firewood ... hunting, fishing, camping, picnicking, swimming, hiking, bicycling, the riding of horses or other animals, clam digging, pleasure driving of off-road vehicles, snowmobiles, and other vehicles, boating, nature study, winter or water sports, viewing or enjoying historical, archaeological, scenic, or scientific sites, without charging a fee of any kind therefor, shall not be liable for unintentional injuries to such users.
 
 
 6
 Wash.Rev.Code Sec. 4.24.210 (1992). In Washington, statutes are construed with reference to their purpose. Power v. Union Pacific R.R., 655 F.2d 1380, 1387 (9th Cir.1981) (quoting Roza Irrigation District v. Washington, 497 P.2d 166, 169 (Wash.1972) (en banc)). The purpose of the Recreational Use Act, as written into law by the legislature, "is to encourage owners ... of land and water areas ... to make them available to the public for recreational purposes by limiting [the owners'] liability...." Wash.Rev.Code. Sec. 4.24.200 (1992).
 
 
 7
 The government makes the room at the McNary Dam available to the public for outdoor recreation. Section 210 states that outdoor recreation includes "nature study" and "viewing or enjoying historical, archaeological, scenic, or scientific sites." Wash.Rev.Code. Sec. 4.24.210. Washington courts have concluded that the act encompasses activities that are substantially similar to the examples listed in the statute. Matthews v. Elk Pioneer Days, 64 Wash.App. 433, 824 P.2d 541, 543, review denied, 119 Wash.2d 1011, 833 P.2d 386 (1992); Curran v. Marysville, 53 Wash.App. 358, 766 P.2d 1141, 1144, review denied, 112 Wash.2d 1020 (1989). The public uses the room at the dam for activities that are substantially similar, if not identical, to the examples listed in the act: studying, viewing, and enjoying the natural, scenic, and scientific sites of the Columbia River.
 
 
 8
 Todd argues that the decisions in Matthews and Curran preclude the application of the act to any accident that occurs indoors. She reads too much into these decisions. They hold no more than that the act will not apply to indoor activities that do not require active involvement with the outdoors. The Matthews court concluded that the act did not "protect[ ] landowners from liability to persons who come on their property for activities which can be held either outdoors or indoors," and held that the act did not apply to injuries incurred while attending a festival that was held under a canopy. Matthews, 64 Wash.App. at 439, 824 P.2d at 543-44; see also Curran, 53 Wash.App. at 364, 766 P.2d at 1144 (suggesting that injuries incurred at an indoor dance or sporting event would not be covered by the act).
 
 
 9
 Viewing fish from the room at the dam requires active involvement with the outdoors. The government has opened the room to give the public improved access to an outdoor area--the underwater regions of the Columbia River. The Washington legislature has determined that a person viewing scenery or studying nature is actively involved in outdoor recreation. Wash.Rev.Code. Sec. 4.24.210; Curran, 53 Wash.App. at 363, 766 P.2d at 1144.
 
 
 10
 By building an enclosed structure to facilitate the viewing of fish in the river, the government did not lose its immunity under the act. The act must be construed to favor the legislature's policy of encouraging landowners to make their property available to the public without charge for outdoor recreation. Power, 655 F.2d at 1387; Wash.Rev.Code 4.24.200.
 
 
 11
 II. Certification to the Washington Supreme Court
 
 
 12
 A federal court may certify a question to the Washington Supreme Court when, in its opinion, the law of the State has "not been clearly determined...." Wash.Rev.Code. Sec. 2.60.020 (1992). The use of a certification procedure "in a given case rests in the sound discretion of the federal court." Lehman Brothers v. Schein, 416 U.S. 386, 391 (1974). We decline Todd's request to certify the question of the correct interpretation of the Recreational Use Act to the Washington Supreme Court.
 
 
 13
 We "can resolve [this] issue of state law with available research materials already at hand." Lehman Brothers, 416 U.S. at 395 (Rehnquist, J., concurring). The decisions in Curran, Matthews, and other cases provide sufficient guidance. See, e.g., McCarver v. Manson Park & Rec. Dist., 92 Wash.2d 370, 597 P.2d 1362, 1364-66 (1979); Gaeta v. Seattle City Light, 54 Wash.App. 603, 774 P.2d 1255, 1257-1259, review denied, 113 Wash.2d 1020, 781 P.2d 1322 (1989); Riksem v. Seattle, 47 Wash.App. 506, 736 P.2d 275, 277-78 (1987). Further, the Washington legislature has defined the act's purposes and listed pertinent examples of outdoor recreation. Wash.Rev.Code. 4.24.200-210.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. FedR.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3