[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #158
The plaintiffs, Anthony and Beverly Busa, bring this action to recover damages for personal injuries allegedly sustained by Anthony Busa. Named as defendants are the City of Bridgeport CT Page 6030 ("City"), Paul Macciocca, the former Superintendent of the Department of Parks Recreation, and the following members of the Board of Park Commissioners; Joseph D'Amicol, George Seamon, John Palmer, Porter Cleveland, Ann Brignola Hourcle, David Defelice, Ralph Innacell, and Robert Tetreault. (The defendants will be referred to collectively as "the municipal defendants.")
In an amended eleven count complaint filed on June 1, 1989, the plaintiffs allege that on July 5, 1986, they purchased tickets to attend a marching band concert known as "The Champions on Parade," which was being held at Kennedy Stadium. The plaintiffs allege that the City, through its Department of Parks and Recreation and Board of Park Commissioners, controlled and maintained Kennedy Stadium. The plaintiffs further allege that on July 5, 1986, Anthony Busa sustained serious physical injuries when he fell over a "cooler" while descending a stairway in the bleachers of Kennedy Stadium.
In the first, third and sixth counts of the amended complaint, the plaintiffs assert negligence claims against the City, the Board of Park Commissioners, and Macciocca, respectively. In the second, fifth and eighth counts, the plaintiffs assert nuisance claims against the City, the Board of Park Commissioners, and Macciocca, respectively. In the fourth count, the plaintiffs assert a claim for indemnification against the City pursuant to General Statutes § 7-465, based on the alleged negligence of the Board of Park Commissioners. In the seventh count, the plaintiffs assert a claim for indemnification against the City pursuant to § 7-465, based on the alleged negligence of Macciocca. In the ninth, tenth and eleventh counts, plaintiff Beverly Busa asserts claims for loss of consortium against the City, the Board of Park Commissioners, and Macciocca, respectively.
In July 1988, the plaintiffs brought suit against the Barnum Festival, Inc., a/k/a Barnum Festival Society, Inc. and its individual members ("Festival defendants"). (Docket No. 25 14 65). Both actions were consolidated by this court (Mihalakos, J.) on November 7, 1988.
On or about July 31, 1989, the municipal defendants filed an answer and four special defenses. The first and fourth special defenses raise the defense of governmental immunity. In the second special defense, the municipal defendants allege that Anthony Busa was contributorily negligent. In the third special defense, the municipal defendants allege that Anthony Busa was contributorily CT Page 6031 negligent because he was intoxicated and not in control of his faculties at the time that he sustained his injuries. (The municipal defendants also filed a crossclaim for indemnification against the Festival defendants.)
On June 2, 1993, the municipal defendants filed a motion for summary judgment (#158), supported by a memorandum of law and the affidavit of Phillip Handy, the current Director of Parks and Recreation for the City. Sometime thereafter the municipal defendants requested leave to amend their answer to include a special defense based on General Statutes § 52-557g, the recreational use immunity statute. The plaintiffs' objection to the request for leave to amend the answer was overruled by this court (Fuller, J.) on November 15, 1993. On October 20, 1993, the plaintiffs filed an objection to the municipal defendants' motion for summary judgment (#166). The plaintiffs' objection was accompanied by a supporting memorandum of law and the deposition testimony of Phillip Handy, Anthony Busa, and the plaintiffs' expert, Michael Shanok. The municipal defendants seek summary judgment based on governmental immunity, recreational use immunity pursuant to General Statutes § 52-557g, the alleged legal insufficiency of the plaintiffs' nuisance claims, and the insufficiency of the plaintiffs' notice to the City for their claim for indemnification pursuant to General Statutes § 7-465. The municipal defendants also argue that summary judgment would be appropriate as to Beverly Busa's derivative loss of consortium claims if summary judgment is granted as to Anthony Busa's claims.
Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 780-81, 595 A.2d 908 (1980). The burden is on the movant to show that there is no genuine issue of material fact.Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990). A material fact is a fact that will make a difference in the outcome of a case. Yanow v. Teal Industries, Inc., 178 Conn. 262, 268-69,422 A.2d 311 (1979). In ruling on a motion for summary judgment, the court must view the facts presented in the light most favorable to the non-moving party. Connell v. Colwell, supra, 246-47.
A. Recreational Use Immunity
In moving for summary judgment on the plaintiffs' entire CT Page 6032 amended complaint, the municipal defendants argue that they are immune from liability pursuant to General Statutes § 52-557g, which provides immunity to owners of land who open their property to the public free of charge for recreational use. The municipal defendants argue that they did not charge the plaintiffs a fee to enter Kennedy Stadium, as the entrance fee paid by the plaintiffs was imposed and collected by the Festival defendants.
In response, the plaintiffs argue that § 52-557g does not provide the municipal defendants with immunity because: (1) Kennedy Stadium is not open to the public; (2) the municipal defendants charged a fee for the use of Kennedy Stadium; and (3) plaintiff Anthony Busa was not engaged in a recreational activity as defined by the statute when he sustained his injuries.
With respect to the plaintiffs' argument that Anthony Busa was not engaged in a recreational activity when he sustained his injuries, General Statutes § 52-557f(4) provides that:
 `Recreational purpose' includes, but is not limited to, any of the following, or any combination thereof: Hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, snow skiing, ice skating, sledding, hang gliding, sport parachuting, hot air ballooning and viewing or enjoying historical, archaeological, scenic or scientific sites.
The definition of `recreational purpose' in § 57-557f(4) also includes playing in a playground; Manning v. Barenz, 221 Conn. 256,263-64, 603 A.2d 399 (1992); and playing softball in an organized league. Scrapchansky v. Plainfield, 226 Conn. 446, 456,627 A.2d 1329 (1993).
 [W]e conclude that the list of activities enumerated in § 52-557f(4) is not exclusive and "is not limited to" those activities listed. Recreational activities naturally arise from the desire and preferences of the person who is enticed away from the troubles and toil of the workaday world and who is drawn to the outdoors to partake of an activity that is pleasant for its own sake. CT Page 6033
Id., 457.
It is not disputed that at the time he sustained his injuries, plaintiff Anthony Busa was a spectator in the bleachers of Kennedy Stadium, nor is it disputed that he was at the stadium to watch a marching band festival. While watching a marching band festival may, in fact, entice a spectator away from the "troubles and toils of the workaday world," based on the language of § 52-557f(4), it is questionable whether being a spectator at a band concert constitutes a recreational activity or purpose within the meaning of the statute.
It must be noted that the activities specifically enumerated in the statute are activities of a physical, participatory nature, which are usually performed in the outdoors. In those cases where the courts have expanded on the list contained in § 52-557f(4), those activities recognized as being "recreational" likewise constitute physical, participatory, outdoor activities. SeeScrapchansky v. Plainfield, supra, 226 Conn. 456 (playing softball); Manning v. Barenz, supra, 221 Conn. 263-64 (playing on a playground); Quinlan v. Rowayton, 10 Conn. L. Rptr. 331 (December 20, 1993, Ballen, J.) (playing on playground equipment), Garcia v.Town of Wolcott, 5 Conn. L. Rptr. 553 (1992) (Langenbach, J.) (flying a kite). See also Villanova v. American Fed. of Musicians,123 N.J. Super. 57, 301 A.2d 467 (App.Div. 1973), cert. denied,63 N.J. 504, 308 A.2d 669 (1973) (attending an outdoor band concert is clearly not an activity which is within the scope of New Jersey's recreational use immunity statute). Despite the broad definition of "recreational purpose" contained in § 52-557f(4), being a spectator at a band concert is not a physical, participatory, outdoor activity. Therefore, it is found that plaintiff Anthony Busa's conduct does not constitute a "recreational purpose" within the meaning of the statute. Accordingly, this court declines to apply the recreational use immunity statute to the present case and therefore denies the municipal defendants' motion insofar as it seeks summary judgment on the plaintiffs' entire amended complaint pursuant to § 52-557g.
B. Governmental Immunity
The municipal defendants move for summary judgment on the first, third, fourth, sixth and seventh counts of the plaintiffs' amended complaint based on the doctrine of governmental immunity.
In Gauvin v. New Haven, 187 Conn. 180, 445 A.2d 1 (1982), the CT Page 6034 court stated that:
 A municipality is immune from liability for the performance of governmental acts, as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed a prescribed manner without the exercise of judgment or discretion as to the propriety of the action.
Id., 184.
"Where the municipality through its agent or employee acts in the performance of a governmental [discretionary] duty, it has a limited immunity from liability. . . . " Tango v. New Haven,173 Conn. 203, 204-05, 377 A.2d 284 (1977). Likewise, "where the duty of [a] public official to act is not ministerial but instead involves the exercise of discretion, the negligent failure to act will not subject the public official to liability unless the duty to act is clear and unequivocal." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 167, 544 A.2d 1185 (1988). However, if the act complained of involves the performance of a ministerial duty, or if one of the narrow exceptions to the doctrine of governmental immunity applies, then the municipality (or its agent or employee) may be liable for the negligent execution of the duty. Id., 170;Wright v. Brown, 16 Conn. 464, 471, 356 A.2d 176 (1975).
 [There are] three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; . . . second, where a statute specifically provides for a cause of action against a municipality or a municipal officer for failure to enforce certain laws; . . . and third, where the alleged acts involve malice, wantonness or intent to injure rather than negligence.
(Citations omitted.) Evon v. Andrews, 211 Conn. 501, 505, CT Page 6035559 A.2d 1131 (1989); see also Gordon v. Bridgeport Housing Authority, supra, 208 Conn. 167. In this case the plaintiffs neither allege nor argue that one of the three exceptions applies to the present case.
Whether the acts complained of in operating a city park [are] governmental or ministerial is a factual question which depends upon the nature of the act complained of . . . ." Gauvin v. New Haven, supra, 187 Conn. 186. "If the acts are considered governmental character, then the defendant is not liable because the plaintiff has not alleged statutory liability and the defendant is otherwise immune." Id.
Based on the allegations contained in the plaintiffs' amended complaint, the acts complained of in the present case concern the municipal defendants': (1) failure to provide handrails for the stairways in the stadium, (2) failure to inspect and maintain the stairways; (3) failure to provide adequate lighting for the stairways; (4) failure to design, construct and maintain the stairways in a manner which complies with the applicable building codes; (5) failure to provide supervision for the people using the stairways, (6) failure to prevent patrons of the stadium from placing their coolers and containers in the aisles and stairways; (7) failure to warn of the defective conditions in the stadium; (8) failure to inspect the stadium, and (9) failure to correct the defective conditions.
Policy and planning decisions are generally considered to be discretionary and are afforded protection under the doctrine of governmental immunity. See 18 McQuillan, Municipal Corporations (3d. Ed. Rev.), §§ 53.02.05 and 53.04.20. Thus, the municipal defendants are entitled to claim governmental immunity for some of their alleged negligent acts and omissions. However, certain maintenance functions, when performed by municipal employees pursuant to a directive issued by municipal policy makers, may be ministerial in nature. Kolaniak v. Board of Education, 28 Conn. App. 277, 28.1., 610 A.2d 193 (1992).
In the present case, both the plaintiffs and the municipal defendants rely on deposition testimony given by Phillip Handy to support their respective arguments. Testimony given by a director of parks and recreation with regard to the operation of the park in question may provide a basis for the court to determine whether the acts complained of are ministerial or governmental in nature.Gauvin v. New Haven, supra, 187 Conn. 186-87. CT Page 6036
In the present case, it is not disputed that Anthony Busa sustained his injuries in July 1986. Based on his deposition testimony, Handy, a long-time municipal employee, became Director of Parks and Recreation for the City of Bridgeport in 1989. Furthermore, Handy states that he has no personal knowledge of the maintenance, security and staffing policies for events held at Kennedy Stadium prior to 1988, and that his personal knowledge of these policies started in 1988 when, as part of his job, he began supervising the operation of Kennedy Stadium. Thus, it would appear that Handy's deposition testimony is irrelevant for purposes of this motion, as he lacks the requisite personal knowledge of the policies as they existed in 1986.
Consequently, the court believes that genuine issues of material fact do exist with respect to the issue of governmental immunity. Accordingly, the court denies the municipal defendants' motion for summary judgment as to the first, third, fourth, sixth and seventh counts of the plaintiffs' amended complaint.
C. Nuisance
The municipal defendants move for summary judgment on the plaintiffs' nuisance claims (the second, fifth and eighth counts of the plaintiffs' amended complaint) on the ground that they are legally insufficient.
"It is well established that a municipality may be held liable for injury resulting from a nuisance created and maintained by it."Kostyal v. Cass, 163 Conn. 92, 98, 302 A.2d 121 (1972). "This liability cannot be avoided on the ground that the municipality was exercising governmental functions or powers, even in jurisdictions where, as here, immunity is afforded from liability for negligence in the performance of such functions." Id. For the condition to constitute a nuisance, it must be established that: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiff's injuries and damages." State v.Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 183,527 A.2d 688 (1987). However, the "failure to remedy a condition not of the municipality's own making is not the equivalent of the required positive act in imposing liability in nuisance upon a municipality." Lukas v. New Haven, 184 Conn. 205, 210, CT Page 6037439 A.2d 949 (1981).
In Burke v. Avitabile, 32 Conn. App. 765, 630 A.2d 624 (1993), the court ruled that "[a] challenge to the legal sufficiency of a complaint, through a motion to strike, must be pleaded and ruled on before the defendant files an answer to the plaintiff's complaint." Id., 769. However, in Boucher Agency v. Zimmer, 160 Conn. 404,279 A.2d 540 (1971), the court ruled that a motion for summary judgment may be used to test the legal sufficiency of a complaint where "the parties are at issue on an answer filed," and only "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact. . . . "Id., 409.
The plaintiffs' complaint contains an allegation that one of the conditions which caused plaintiff Anthony Busa's injuries was a "cooler" which was placed in an aisle. Such a condition is not a condition which was created by the municipality or its agents and would not on its own sustain a claim of nuisance. However, the plaintiffs' also allege that Anthony Busa's injuries were proximately caused by various structural defects in the stadium, and that such defects are unreasonable and of a continuous nature. Whether these structural defects did exist and whether they were the proximate cause of Anthony Busa's injuries is a question of fact which cannot be resolved by the evidence submitted by the parties in support of their respective positions. Further, the plaintiffs have pleaded all the elements necessary to state legally sufficient nuisance claims against the municipal defendants. Accordingly, the defendants' motion for summary judgment is denied as to the second, fifth and sixth counts.
D. Notice to the Municipality: General Statutes § 7-465
The defendants argue that the court should grant their motion for summary judgment with respect to the fourth and seventh counts of the plaintiffs' amended complaint on the ground that the plaintiffs' notice to the defendants is patently defective. The defendants contend that the notice is defective because it fails to identify the specific acts upon which the plaintiffs base their claims against the defendants, as well as the specific employees whose negligence was the cause of the plaintiffs' injuries. In response, the plaintiffs argue that the notice provided to the defendants was adequate to inform the defendants of the nature of the plaintiffs' claims.
General Statutes § 7-465 provides in pertinent part that: CT Page 6038
 No action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued.
In addition to indicating the time and place where the injuries were sustained, the notice must "set forth the surrounding circumstances of the injuries so that the municipal officers [will be] provided with `such information as will enable them to intelligently investigate the facts upon which the claim is based.'" Fraser v. Henninger, 173 Conn. 52, 58, 376 A.2d 406
(1977), quoting Marino v. East Haven, 120 Conn. 577, 579,182 A. 225 (1935). "Notice provisions are generally construed liberally in favor of a claimant who is attempting to establish compliance with their `terms, and substantial compliance with a statute requiring notice of injury is all that is required." Fraser v.Henninger, supra, 173 Conn. 59. In the present case, the plaintiffs' notice adequately informs the defendants of the place of the accident, the alleged causes of the accident, the plaintiffs' injuries, and the fact that the plaintiffs planned to institute legal proceedings against the defendants. It is found therefore, that the notice given by the plaintiffs substantially complies with the requirements for notice stated in § 7-465 and the relevant case law. Accordingly, the defendants motion for summary judgment is denied as to the fourth and seventh counts of the plaintiffs' amended complaint.
E. Loss of Consortium
In the ninth, tenth and eleventh counts of the plaintiffs' amended complaint, plaintiff Beverly Busa asserts claims for loss of consortium against the municipal defendants. Since these claims are "derivative of the injured spouse's cause[s] of action;" Izzov. Colonial Penn Ins. Co., 203 Conn. 305, 312, 524 A.2d 641 (1987); and since the defendants' motion is denied as to all of plaintiff Anthony Busa's claims, the motion must likewise be denied as to CT Page 6039 Beverly Busa's derivative loss of consortium claims as well. Accordingly, the court denies the municipal defendants' motion for summary judgment as to the ninth, tenth and eleventh counts of the plaintiffs' amended complaint.
MAIOCCO, JUDGE