617 N.W.2d 817 (2000)
260 Neb. 375
Betty DYKES, appellant and cross-appellee,
v.
SCOTTS BLUFF COUNTY AGRICULTURAL SOCIETY, INC., appellee and cross-appellant.
No. S-99-515.
Supreme Court of Nebraska.
September 22, 2000.
*819 Maren Lynn Chaloupka, of Van Steenberg, Chaloupka, Mullin, Holyoke, Pahlke, Smith, Snyder & Hofmeister, P.C., Scottsbluff, for appellant.
John K. Sorensen, of Sorensen & Zimmerman, P.C., Scottsbluff, for appellee.
Don Stenberg, Attorney General, and Steve Grasz for State of Nebraska regarding constitutional issue.
HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
CONNOLLY, J.
In this appeal, we are asked to address whether Neb.Rev.Stat. § 37-729(3) (Reissue 1998), defining recreational purposes under the Recreation Liability Act (the Act), is unconstitutionally vague and whether the viewing of livestock exhibits at a county fair is a recreational purpose under § 37-729(3). The appellant, Betty Dykes, filed a petition alleging that she was injured when she was struck by a pig that was part of a livestock exhibit at the *820 Scotts Bluff County Fair. The fair was held on land owned by the appellee, Scotts Bluff County Agricultural Society, Inc. (the Society). The Society filed an amended answer alleging that it was immune from liability under Neb.Rev.Stat. §§ 37-1001 to 37-1008 (Reissue 1993), now codified at Neb.Rev.Stat. §§ 37-729 to 37-736 (Reissue 1998), and then filed a motion for summary judgment. The district court determined that language in § 37-729(3) defining recreational purposes was unconstitutionally vague, but that the offending language was severable from the rest of § 37-729(3). The district court then concluded that the Act applied and that thus the Society was immunized from liability. We reverse, and remand for further proceedings.

BACKGROUND
The accident at issue occurred in a livestock facility located on the Scotts Bluff County fairgrounds on August 18, 1995. Dykes alleges that she was injured when she was struck from behind by a pig that was part of one of the fair exhibits. There is no admission charged to attend the Scotts Bluff County Fair. Without charge, attendees are permitted access to the fairgrounds, exhibits, food vendors, carnival, antique and new farm machinery displays, and other displays that the Society president stated are of "educational, general, recreational, and special interest." The Society sponsors some special events for which an admission fee is charged. These events are held in a separate area of the fairgrounds. The parties do not dispute that Dykes was not charged admission to view the livestock exhibits where she alleges she was injured.
During the fair, attendees are able to view livestock and other animals that are raised, exhibited, and shown by 4-H members. The Society provides the facilities and pens for these exhibits. Other than the provision of the facilities, the Society does not participate in showing or exhibiting the livestock. Rather, the University of Nebraska Cooperative Extension Division oversees a network of 4-H members who conduct, manage, and supervise the exhibition. The Society does not charge the extension division a fee for the use of the fairgrounds.
The district court sustained the Society's motion for summary judgment. In sustaining the motion, the district court concluded that the language in § 37-729(3) defining recreational purposes was unconstitutionally vague, but was severable. The district court then determined that Dykes' act of viewing livestock exhibits at the fair constituted a recreational purpose under the Act. Thus, the district court concluded that the Act applied and sustained the Society's motion for summary judgment. Dykes appeals.

ASSIGNMENTS OF ERROR
Dykes assigns that the district court erred in determining that (1) the phrase "or otherwise using land for the purposes of the user" could be severed from § 37-729(3) and (2) visiting exhibits at a county fair is a recreational purpose under the Act.

STANDARD OF REVIEW
Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. Rodriguez v. Nielsen, 259 Neb. 264, 609 N.W.2d 368 (2000).
Whether a statute is constitutional is a question of law; accordingly, the Nebraska Supreme Court is obligated to reach a conclusion independent of the decision reached by the court below. State ex rel. Stenberg v. Moore, 258 Neb. 738, 605 N.W.2d 440 (2000); State ex rel. Stenberg v. Moore, 258 Neb. 199, 602 N.W.2d 465 (1999).

*821 ANALYSIS
Dykes contends that § 37-729(3) is unconstitutionally vague and that the district court erred in determining that the phrase "or otherwise using land for purposes of the user" is severable from § 37-729(3). Dykes further contends that the district court erred in determining that viewing livestock exhibits at a county fair is a recreational purpose under § 37-729(3). The Society contends that the canon of construction, ejusdem generis, requires us to interpret the statutory language in a manner consistent with the constitution and allows us to conclude that viewing livestock at a fair is a recreational purpose under § 37-729(3).
We note that §§ 37-1001 to 37-1008 were amended in 1998. See 1998 Neb. Laws, L.B. 922. That amendment does not affect our disposition of this appeal, and we cite to the current statute for the sake of simplicity and convenience, and to correspond with the district court's order. See, Pfizer v. Lancaster Cty. Bd. of Equal., 260 Neb. 265, 616 N.W.2d 326 (2000); A & D Tech. Supply Co. v. Nebraska Dept. of Revenue, 259 Neb. 24, 607 N.W.2d 857 (2000); Teters v. Scottsbluff Public Schools, 256 Neb. 645, 592 N.W.2d 155 (1999).
Pursuant to § 37-731, "an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes." Exceptions are provided for willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity, and for injury suffered when the landowner charges the person or persons who enter on the land. § 37-734. The purpose of the Act "is to encourage owners of land to make available to the public land and water areas for recreational purposes by limiting their liability toward persons entering thereon and toward persons who may be injured or otherwise damaged by the acts or omissions of persons entering thereon." § 37-730.
Recreational purposes is defined in § 37-729(3), which states:
Recreational purposes includes, but is not limited to, any one or any combination of the following: Hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, waterskiing, winter sports, and visiting, viewing, or enjoying historical, archaeological, scenic, or scientific sites, or otherwise using land for purposes of the user[.]
It is the language "or otherwise using land for purposes of the user" that the district court found unconstitutionally vague. In reaching this conclusion, the district court reasoned that the language could mean anything at all, including nonrecreational purposes.
Statutes are afforded a presumption of constitutionality, and the unconstitutionality of a statute must be clearly established before it will be declared void. Daily v. Board of Ed. of Morrill Cty., 256 Neb. 73, 588 N.W.2d 813 (1999). Even when a law is constitutionally suspect, a court will attempt to interpret that law in a manner such that it is consistent with the constitution. Id. The burden of establishing the unconstitutionality of a statute is on the one attacking the statute's validity. Id. See, also, Teters v. Scottsbluff Public Schools, supra.
When a legislative enactment is challenged on vagueness grounds, the issue is whether the two requirements of procedural due process are met: (1) adequate notice to citizens and (2) adequate standards to prevent arbitrary enforcement. Daily v. Board of Ed. of Morrill Cty., supra. In other words, due process requires that an enactment supply (1) a person of ordinary intelligence a reasonable opportunity to know what is prohibited and (2) explicit standards for those who apply it. Id.
*822 Under the "ejusdem generis" canon of construction, "when a general word or phrase follows a list of specific persons or things, the general word or phrase will be interpreted to include only persons or things of the same type as those listed." Black's Law Dictionary 535 (7th ed.1999). Thus, under the ejusdem generis rule, specific words or terms modify and restrict the interpretation of general words or terms where both are used in sequence. Kuntzelman v. Avco Financial Services of Nebraska, Inc., 206 Neb. 130, 291 N.W.2d 705 (1980).
When the principle of ejusdem generis is applied to this case, interpretation of the phrase "or otherwise using land for purposes of the user" is restricted by the specific words that precede it. Thus, the phrase refers to other uses of land of the same type as those specifically listed "[h]unting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, waterskiing, winter sports, and visiting, viewing, or enjoying historical, archaeological, scenic, or scientific sites." Thus, § 37-729(3) can be interpreted in a manner consistent with the constitution, and as interpreted, is not unconstitutionally vague. Accordingly, we conclude that the district court erred in its determination that § 37-729(3) was unconstitutionally vague.
The next question is whether Dykes' conduct of viewing livestock exhibits at a county fair constituted a "recreational purpose" under § 37-729(3). We have not previously addressed whether the viewing of livestock exhibits at a county fair falls under the term "recreational purpose" in § 37-729(3). In addressing this issue, we again construe the statute such that the specific terms in § 37-729 restrict the general term of "recreational purpose." See, Kuntzelman v. Avco Financial Services of Nebraska, Inc., supra; Matthews v. Elk Pioneer Days, 64 Wash.App. 433, 824 P.2d 541 (1992). Dykes contends that the viewing of livestock at a county fair is not like the specific purposes enumerated in § 37-729(3). The Society argues that the viewing of livestock at a county fair is like the purpose in § 37-729(3) of "visiting, viewing, or enjoying historical, archaeological, scenic, or scientific sites."
In cases involving a use of land not specifically enumerated in § 37-329(3), we have interpreted the definition of recreational purposes to be broad enough to include "the normal activities afforded by public parks." Watson v. City of Omaha, 209 Neb. 835, 842, 312 N.W.2d 256, 259 (1981) (use of playground slide). We have also held that it includes the riding of a three-wheeled vehicle for fun and enjoyment. Holden v. Schwer, 242 Neb. 389, 495 N.W.2d 269 (1993). However, we have held that the Act does not apply to independent indoor recreational facilities, including swimming pools. Cassio v. Creighton University, 233 Neb. 160, 446 N.W.2d 704 (1989).
In Hall v. Turtle Lake Lions Club, 146 Wis.2d 486, 431 N.W.2d 696 (Wis.App. 1988), the Wisconsin Court of Appeals applied a list of activities similar to that of § 37-729(3) and interpreted the Wisconsin recreation liability statute to include fair attendance as a "recreational activity" under its recreational land use statute. The court, however, relied upon the statutory statement of legislative intent that "`where substantially similar circumstances or activities [to those enumerated in the statute] exist, this legislation should be liberally construed in favor of property owners to protect them from liability.'" (Emphasis omitted.) Hall v. Turtle Lake Lions Club, 146 Wis.2d at 488, 431 N.W.2d at 697, quoting § 1 of Wis. Act 418.
In contrast, in Matthews v. Elk Pioneer Days, supra, the Washington Court of Appeals determined that attendance at an annual festival consisting of entertainment, competitions, and demonstrations was not an "outdoor recreational activity" under its recreational use statute. The statute at issue in Matthews contained enumerated activities similar to those in § 37-729(3), including "`"nature study"', `"sight-seeing"', *823 as well as ` "any other ... educational activity."'" 64 Wash.App. at 437, 824 P.2d at 542-43. The court distinguished Hall on the basis that the Washington statute contained no directive that the statute be interpreted liberally. Rather, the court noted that the statute was in derogation of common law and, thus, would be strictly construed. See, also, Smith v. Arizona Bd. of Regents, 195 Ariz. 214, 986 P.2d 247 (Ariz.App.1999) (distinguishing Hall, supra, strictly construing recreational use statute, and holding that person using trampoline apparatus at college fair was not recreational or educational user under statute).
As in Matthews v. Elk Pioneer Days, supra, we have stated that because §§ 37-729 to 37-736 are in derogation of common law, they are to be strictly construed. See Brown v. Wilson, 252 Neb. 782, 567 N.W.2d 124 (1997). Accordingly, the common law will be abrogated no further than expressly declared or than is required from the clear import of the language employed by the statute. Capital Nat. Bank v. American Exchange Nat. Bank, 51 Neb. 707, 71 N.W. 743 (1897). See, generally, Stoneman v. United Neb. Bank, 254 Neb. 477, 577 N.W.2d 271 (1998). See, also, Conway v. Wilton, 238 Conn. 653, 680 A.2d 242 (1996) (construing recreation liability statutes as limited to matters clearly brought within its scope); Drake v. Mitchell Community Schools, 649 N.E.2d 1027 (Ind.1995); Robbins v. Great Northern Paper Co., 557 A.2d 614 (Me. 1989) (construing recreation liability statute to alter common law only where purpose is clear).
In this case, the viewing of livestock at a county fair is not substantially similar to the enumerated activities in § 37-729(3). Generally speaking, the activities listed in § 37-729(3) are more physical than not, generally require the outdoors, and are not "spectator sports." See, Smith v. Arizona Bd. of Regents, supra; Matthews v. Elk Pioneer Days, 64 Wash.App. 433, 824 P.2d 541 (1992); Villanova v. American Fed. of Musicians, Local 16, 123 N.J.Super. 57, 301 A.2d 467 (1973). The listed recreational purposes tend to involve activities in which the individual using the land is actively involved. Id.
Although § 37-729(3) lists nature study and the viewing of scientific sites as recreational purposes, these purposes are more clearly applicable to situations other than attendance at a fair. "Nature" is defined as "[a] wild condition, untouched by civilization" or "[t]he elements of the universe, such as mountains, plants, planets, and stars." Black's Law Dictionary 1050 (7th ed.1999). See, also, Webster's Encyclopedic Unabridged Dictionary of the English Language 953 (1994) (providing similar definitions). "Scientific" is defined in part as "of or pertaining to science or the sciences." Id. at 1279. Absent a liberal construction, we cannot say that the act of viewing livestock exhibits at a fair falls within a recreational purpose similar to nature study nor can we determine that attendance at a fair is the equivalent of viewing a scientific site.
Because we strictly construe § 37-729(3), we conclude that the viewing of livestock exhibits at a county fair is not a recreational purpose under § 37-729(3). Accordingly, the Society is not afforded limited liability by the Act, and the district court erred in sustaining its motion for summary judgment. The order of the district court is reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
STEPHAN, J., concurring in part, and in part dissenting.
I agree with the majority that the phrase "or otherwise using land for purposes of the user" set forth in Neb.Rev. Stat. § 37-729(3) (Reissue 1998) is not unconstitutionally vague because the doctrine of ejusdem generis limits its scope to the same kind or class of activities which are specifically enumerated by the statute as examples of "recreational purposes." However, I disagree with the majority decision *824 that Dykes was not using the fairground for a recreational purpose as defined in that statute.
The majority reasons that the specific examples of recreational land use set forth in § 37-729(3) "are more physical than not," are not "`spectator sports,'" and "tend to involve activities in which the individual using the land is actively involved." However, the plain language of the statute includes both physically active pursuits such as "hunting," "swimming," and "hiking," as well as more passive endeavors such as "pleasure driving," "picnicking," "nature study," and "visiting, viewing, or enjoying historical, archaeological, scenic, or scientific sites." According to her petition, Dykes was "visiting the farm animal exhibits" at the Scotts Bluff County Fair at the time of her injury. The record reflects that the animals were exhibited on the fairgrounds in an open-air structure consisting of animal pens covered by a roof and that Dykes was walking through the exhibition area when she was injured. Dykes was therefore performing the same general type of physical activity as one who enters real property for the purpose of "nature study" or "visiting, viewing, or enjoying historical, archaeological, scenic, or scientific sites" located thereon.
Thus, the question for me comes down to whether a livestock exhibit at a county fair is of the same kind or class as the "historical, archaeological, scenic, or scientific sites" enumerated in the statute. The majority states that "scientific" is defined as "`of or pertaining to science or the sciences,'" but does not address the more pertinent question of what constitutes "science." The dictionary defines that term as "a branch of knowledge or study dealing with a body of facts or truths systematically arranged and showing the operation of general laws" and "systematic knowledge of the physical or material world." Webster's Encyclopedic Unabridged Dictionary of the English Language 1279 (1994). The farm animals viewed by Dykes were produced and exhibited by persons engaged in agriculture, which is defined as "the science or art of cultivating land in the raising of crops; tillage; husbandry; farming." (Emphasis supplied.) Id. at 29. "Husbandry" is "the science of raising crops or food animals." (Emphasis supplied.) Id. at 694. The farm animals exhibited at the fair were products of the application of agricultural sciences such as genetics, nutrition, and veterinary medicine. I therefore regard the purpose for which Dykes was present on the fairgrounds as substantially similar to the activities specifically enumerated in § 37-729(3).
Strictly construing § 37-729(3) but applying the doctrine of ejusdem generis to its nonexclusive examples of recreational purposes, I conclude that Dykes was using the fairgrounds for a recreational purpose at the time of her injury and, therefore, that the immunity conferred by the Recreation Liability Act is applicable. Thus, while I concur with the holding of the majority that § 37-729(3) is not unconstitutionally vague, I respectfully dissent from its holding that Dykes was not using the fairgrounds for a recreational purpose. I would affirm the judgment of the district court.
MILLER-LERMAN, J., joins in this concurrence and dissent.