REQUESTED BY: Senator Gene Tyson Nebraska Legislature
You have asked this office for its opinion as to whether a city-owned skateboard park would fall within the definition of a "recreational purpose" so as to protect the city from liability under the Nebraska Recreation Liability Act, Neb. Rev. Stat. §§ 37-729 through37-736 (1998).
In answering this question, we assume that the skateboard park is located on city-owned property and that there will be no fee charged for entering the park or for using the skateboarding facility. If there is a charge, then the limitation on liability contained in the Act does not apply. § 37-732.
The express purpose of the Nebraska Recreation Liability Act "is to encourage owners of land to make available to the public land and water areas for recreational purposes by limiting their liability toward persons entering thereon. . . ." § 37-730. The Act implements that purpose in § 37-732, which provides:
 [A]n owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby (1) extend any assurance that the premises are safe for any purpose, (2) confer upon such persons the legal status of an invitee or licensee to whom a duty of care is owed, or (3) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of such persons.
Obviously, under § 37-732 a key question is whether the "land" in question is being used, with permission, for "recreational purposes."
Section 37-729 contains definitions of some of the important terms used in the Act. Subsection (1) defines "land" to include "roads, water, watercourses, private ways, and buildings, structures, and machinery or equipment thereon when attached to the realty." It appears clear under this definition that a city-owned skateboard park situated on city-owned real estate would constitute "land" for purposes of the Act.[1]
Based upon your inquiry, the most important aspect of the question, however, is whether skateboarding would be deemed a "recreational purpose" under the Act. In this regard, subsection (3) of § 37-729
states:
 Recreational purposes includes, but is not limited to, any one or any combination of the following: Hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, waterskiing, winter sports, and visiting, viewing, or enjoying historical, archaeological, scenic, or scientific sites, or otherwise using land for purposes of the user.
It is apparent that skateboarding is not specifically included in the list of activities set forth in § 37-729(3). Nonetheless, because the Act states clearly that "recreational purposes" are "not limited to" the listed activities and also provides that "recreational purposes" can include "otherwise using the land for purposes of the user," the Act does not, by definition, exclude skateboarding from its coverage and may well be broad enough to cover it.
There do not appear to be any reported Nebraska court decisions on the question of whether or not skateboarding is a "recreational purpose" under the Act. Likewise, we have found no reported decisions on that specific issue from any other jurisdiction.[2] It is our view, however, that skateboarding does fall within the definition.
The Nebraska Court of Appeals has stated that the definition of "recreational purposes" contained in the Act is very broad, Teters v. Scottsbluff Public Schools, 5 Neb. App. 867, 879, 567 N.W.2d 314 (1997), reversed, in part, on other grounds, 256 Neb. 645, 592 N.W.2d 155
(1999); and the Nebraska Supreme Court has recently noted that the definition is broad enough to include "the normal activities afforded by public parks." Dykes v. Scotts Bluff County Agricultural Society, Inc.,260 Neb. 375, 381, 617 N.W.2d 817 (2000), citing Watson v. City of Omaha, 209 Neb. 835, 842, 312 N.W.2d 259 (1981) (use of playground slide).
In the Dykes majority opinion, the Nebraska Supreme Court held that the Nebraska Recreation Liability Act is "in derogation of common law" and that, therefore, it must be strictly construed. The court went on to find that the viewing of livestock at a county fair is not a "recreational purpose" within the meaning of the Act because such activity "is not substantially similar to the enumerated activities in § 37-729(3)." 260 Neb. at 823, 617 N.W.2d at 382. (Emphasis supplied.) The court distinguished the viewing of livestock at a county fair from the activities which would be covered by the Act by stating: "Generally speaking, the activities listed in § 37-729(3) are more physical than not, generally require the outdoors, and are not `spectator sports.' . . . The listed recreational purposes tend to involve activities in which the individual using the land is actively involved."260 Neb. at 823, 617 N.W.2d at 382-83. (Citations omitted.) Thus, it appears that to be covered by the Act an activity, if not listed in § 37-729
(3) specifically, must be "substantially similar" to the activities which are listed. In analyzing whether an activity is "substantially similar" to the listed activities, it is important to determine whether that activity is "more physical than not," "generally requires the outdoors," "is not a `spectator sport,'" and is such that "the individual using the land is actively involved" in it.
Using these guidelines set forth by the Dykes court, it is relatively clear that skateboarding would be an activity "substantially similar" to the activities listed in § 37-729(3) and that it would, therefore, be a "recreational purpose" under the Act. Skateboarding is, obviously, "more physical than not." It generally requires an outdoor venue, although, like swimming, it can be done inside in certain situations. It is not primarily a "spectator sport." Finally, the individual using the land for skateboarding would likely be "actively involved" in that activity in some manner.
The conclusion that skateboarding is "substantially similar" to the activities listed in § 37-729(3) so as to be deemed a "recreational purpose" is supported by the decision in Watson v. City of Omaha,209 Neb. 835, 312 N.W.2d 256 (1981), in which the Nebraska Supreme Court held that the use of a slide in a city park fit within the statutory definition. The court stated: "Slippery slide activities are not specifically included within the definition of recreational purposes contained in the Recreation Liability Act. . . . However, we believe [the] definition [of recreational purposes in the Act] to be broad enough to include the normal activities afforded by public parks."209 Neb. at 841-42, 312 N.W.2d at 259. While it might not yet be common to find skateboarding facilities in public parks, it is certainly the type of activity that is frequently engaged in in public parks, whether or not specific facilities are devoted to it.
Additional support for the conclusion that skateboarding is a "recreational purpose" under § 37-729(3) can be derived from Holden v. Schwer, 242 Neb. 389, 495 N.W.2d 269 (1993), in which the supreme court found that riding a three-wheeled vehicle for pleasure was a "recreational purpose" within the meaning of the Act. Quoting with approval from a Louisiana appellate court case, the court in Holden said: "The [Louisiana] court specifically held that `the activity of riding three-wheelers on the property in question during a camping trip is a recreational activity within the scope of [Louisiana's recreational land use act],' and, therefore, no liability attached to the landowner."242 Neb. at 397, 495 N.W.2d at 274. The Nebraska court then came to the same conclusion.
Finally, in Teters v. Scottsbluff Public Schools, 5 Neb. App. 867,567 N.W.2d 314 (1997), reversed, in part, on other grounds, 256 Neb. 645,592 N.W.2d 155 (1999), the Nebraska Court of Appeals found that using part of an obstacle course known as the "slide-for-life," which is an apparatus that allows the participant to slide down a cable on a pulley, constituted a "recreational purpose" under the Act. Even though such activity is, obviously, not specifically among those listed in §37-729(3), the court stated that the definition of "recreational purpose" in that subsection "is so broad" that there could be no serious question but that the plaintiff, who was injured while using the "slide-for-life," was using the facility for recreational purposes. 5 Neb. App. at 879,567 N.W.2d at 324. This statement by the appeals court also lends support to the conclusion that skateboarding would likewise be deemed a "recreational purpose" under the Act.
For all of the reasons discussed above, it is the opinion of this office that, provided there is no charge, skateboarding at a skateboard facility owned by a city and situated on city-owned property would be a "recreational purpose" under § 37-729(3) and would be subject to the liability-limiting provisions of the Nebraska Recreation Liability Act.
 Sincerely, DON STENBERG Attorney General
 Charles E. Lowe Assistant Attorney General
Approved by:
___________________________ Don Stenberg Attorney General
pc: Patrick O'Donnell Clerk of the Legislature
[1] The Nebraska Supreme Court has made clear that public entities, such as cities, are "owners" of land under the Act and have the benefit of the Act's limitations on liability to the same extent as private owners. Gallagher v. Omaha Public Power District, 225 Neb. 354, 358,405 N.W.2d 571, 574 (1987); Watson v. City of Omaha, 209 Neb. 835,841-42, 312 N.W.2d 256, 259 (1981).
[2] The Nebraska Recreation Liability Act is based upon a model liability relief law drafted by the Council of State Governments. At least 15 other states, like Nebraska, have adopted, essentially unchanged, the recreational land use act promulgated by the Council. Therefore, application of the model law by other jurisdictions provides guidance to the Nebraska courts when called upon to interpret the Act. Holden v. Schwer, 242 Neb. 389, 396-96, 495 N.W.2d 269 (1993).